Lillian May BURNS, Independent Executrix of the Estate of L. T. Burns, Deceased, Appellant,

v.

T. S. LAMB et ux., Appellees.

No. 15903.

Court of Civil Appeals of Texas.

Fort Worth.

April 18, 1958.

Rehearing Denied May 16, 1958.

---

Tipps, Sanders, Masters & Watson, and H. W. Sanders, Wichita Falls, McDonald, Sanders, Nichols, Wynn & Ginsburg, and Atwood McDonald, Fort Worth, for appellant.

Jennings & Montgomery and Frank L. Jennings, Graham, for appellees.

BOYD, Justice.

Lillian May Burns, independent executrix of the estate of L. T. Burns, deceased, appeals from a judgment rendered for T. S. Lamb and wife, Pauline M. Lamb, for damages to a tract of 544.5 acres of land in the sum of $40,837.50 alleged to have. been caused by salt water escaping from an oil lease operated by L. T. Burns on land adjacent to appellees' tract.

The jury found that L. T. Burns permitted saltwater to escape from the 200 acre tract covered by the Burns-Larimore lease, which was south of appellees' land; such salt water damaged appellees' land; Burns was negligent in constructing and maintaining surface salt water pits in the upper Sandstone strata; in placing such quantities of salt water into the surface pits that salt water arose above ground level; in permitting salt water to seep and leak through the walls of the pits; Burns failed to protect the fresh water above the surface of appellees' land; salt water which escaped from the Burns-Larimore lease encroached into a creek which crossed appellees' land; the water in the creek was suitable for consumption by livestock before the encroachment of salt water but not after; the encroachment of such salt water was approximate cause of pollution of the water in the creek; and that the acts of negligence found were proximate causes of appellees' damage.

The jury also found that salt water escaped from the Shell Oil Company pits, which were located on appellees' land, to other portions of the tract and that such salt water damaged appellees' land; salt water escaped from wells or from pits constructed in connection with wells on a tract immediately west of appellees' land and came on to appellees' land and damaged it; but it was found that the damage to appellees' land caused by salt water from the Shell Oil Company pits and salt water from the tract west of appellees' land could not with reasonable certainty be detected and determined separately from the damage caused by salt water from the Burns-Larimore lease.

The principal question raised by appellant's points, and which goes to the heart of appellees' case, is indicated by the following quotation from her brief: "Neither by pleadings, nor proof, nor verdict of the jury, did Appellees establish a case of an indivisible injury caused by two or more wrongdoers. Appellant was the only person alleged to have been a wrongdoer, and neither Shell Oil Company, nor the oil producers to the West of Appellees, was even mentioned in Appellees' petition. There is no evidence showing that either Shell Oil Company or the oil producers West of Appellees' land was guilty of any negligence or wrongdoing. * * * We have found no case from any jurisdiction holding that a tort-feasor is liable for all of the damages caused by him and other persons who were not tort-feasors."

█ Formerly the rule in Texas was that there could be no joint liability where two or more persons caused an indivisible injury unless there was concert of action or unity of design. Sun Oil Co. v. Robicheaux, Tex.Com.App., 23 S.W.2d 713. But that case was expressly overruled by the Supreme Court in Landers v. East Texas Salt Water Disposal Co., 151 Tex. 251, 248 S.W.2d 731, 734. There it was said: "Where the tortious acts of two or more wrongdoers join to produce an indivisible injury, that is, an injury which from its nature cannot be apportioned with reasonable certainty to the individual wrongdoers, all of the wrongdoers will be held jointly and severally liable for the entire damages and the injured party may proceed to judgment against any one separately or against all in one suit. * * *"

The rule announced in the Landers case was applied in Kirby Lumber Corporation v. Walters, Tex.Civ.App., 277 S.W.2d 796, and Riley v. Industrial Finance Service Co., Tex., 302 S.W.2d 652. It is conceded by appellant that this rule is now the settled law in this State.

Appellant's contention that the judgment against her is erroneous because there was no allegation, evidence, or finding that either Shell Oil Company or the oil producers to the west of appellees' tract intentionally or negligently permitted the salt water to escape, which the jury found caused appellees' damage in part, presents a question which, so far as we can find, has never been considered by the courts of this State.

■ It is true that in cases dealing with the question of joint liability for injury caused by two or more parties, the courts, as did the Supreme Court in the Landers case, usually speak of "tort-feasors," "wrongdoers," and "tortious acts"; but we do not find in any of those case a holding that before the rule may be applied that one "tort-feasor" may be held for an indivisible injury caused by himself and others, the other "tort-feasors" or "wrongdoers" must be shown to have been guilty of intentional or negligent wrong. Indeed, we think the law is to the contrary.

■■ It has long been the rule that one who permits deleterious substances to escape from his land to the lands of another, thereby injuring them, may be held in damages regardless of whether his acts are either wilful, or wanton, or negligent. The foundation of the doctrine that proof of negligence is not essential to recovery is that it is one's duty not to make such use of his own property as will injure that of his neighbor; and he is liable, at all events, for the consequences, if he violates that duty. Day v. Louisville Coal & Coke Co., 60 W.Va. 27, 53 S.E. 776, 10 L.R.A.,N.S., 167; Hay v. Cohoes Company, 2 N.Y. 159; Stout v. McAdams, 2 Scam., Ill., 67, 33 Am.Dec. 441; Cahill v. Eastman, 18 Minn. 324, 10 Am.Rep. 184, and authorities there cited. In the last cited case the court quoted from Fletcher v. Rylands, L.R. 1 Exch. 265, as follows: " * * * the question, in general, is not whether the defendant has acted with due care, but whether his acts have occasioned the damage."

In 86 C.J.S. Torts § 18, page 934, it is said: " * * * where a person, for his own purposes, brings or collects on his land, or permits to accumulate there, something which is likely to cause injury to others if it escapes, such person acts at his peril, and if it escapes and causes injury to the other, he is answerable in damages for the natural consequences." See, also, Zampos v. United States Smelting, Refining & Mining Co., 10 Cir., 206 F.2d 171.

In Restatement of the Law of Torts, sec. 6, we find the following: "Comment: a. The word 'tortious,' therefore, is appropriate to describe not only an act which is intended to cause an invasion of an interest legally protected against intentional invasion or conduct which is negligent as creating an unreasonable risk of invasion of such an interest, but also conduct which is carried on at the risk that-the actor shall be subject to liability for harm caused thereby, although no such harm is intended and the harm cannot be prevented by any precautions or care which it is practicable to require."

In the light of the authorities cited, we believe that either a "tort-feasor" or "wrongdoer," as those terms are used by courts in dealing with liability of joint "tort-feasors," may be one who causes injury to his neighbor's land while prosecuting with due care a lawful business upon his own.

■ The jury having found from what we consider sufficient evidence that the damage to appellees' land was in part proximately caused by the negligent acts of Burns in permitting salt water to escape from his land and to enter in and upon appellees' land, and that the damage caused by the salt water from the Shell Oil Company pits and from the lands west of appellees' tract could not with reasonable certainty be detected and determined separately from the damages caused by the salt water from the Burns-Larimore lease, we overrule appellant's points relating to the propriety of rendering judgment against her when it was not shown that Shell Oil Company and the oil producers to the west were negligent in permitting salt water to escape from their lands.

Error is claimed because Issue No. 1–A was conditioned upon an affirmative answer to No. 1; and in the submission of all remaining issues conditioned upon affirmative answers to Nos. 1 and 1–A.

■ Issue No. 1 asked if Burns permitted salt water to escape from his land, and No. 1–A asked if the said salt water damaged appellees' land. We see no harm in the conditional submission of No. 1–A, and appellant points out none. If no salt water escaped from Burns' land it would be pointless to ask if appellees' land was damaged by salt water escaping from the Burns lease. The point is overruled.

■ We find no objection to the conditional submission of the remaining issues. The argument is that in telling the jury to answer the remaining issues only in the event Nos. 1 and 1–A were answered "Yes," the court informed the jury of the effect of those answers. Without determining whether this is so, we overrule the point because of the absence of an objection on that ground. Rule 274, Texas Rules of Civil Procedure.

Issue No. 37 inquired as to the market value of appellees' land "immediately before it was damaged by salt water from the Burns-Larimore lease, if you have found it was so damaged"; and Issue No. 38 inquired as to its market value "since it has become damaged by salt water from the Burns-Larimore lease, if you have found it was so damaged."

Appellant complains that said issues failed to inquire as to the market value immediately before and immediately after it was damaged by salt water from the Burns-Larimore lease; because the issues failed to make inquiry as to the damage caused by Burns; and they failed to limit the question of damages to damages caused by salt water from said lease.

■ Ordinarily, recovery for damage to property is the difference between its market value immediately before and immediately after the catastrophe causing the damage. But since in this case there was no isolated event to which all the damage could be attributed, such a test would be manifestly inadequate. The inquiry as to the difference between the value of the land "immediately before it was damaged by salt water from" the lease and its value "since" such damage does not limit recovery as would be the case if the second inquiry was as to its value "immediately after" such damage, nor do we think it should be so limited. The first damage may not have been the last, nor the greatest. Damage from a continuing cause necessarily becomes more than it is at the onset; and a finding as to the value of the land "immediately after" the damage started would be unduly restrictive.

The contentions that the issues failed to find as to the damage caused by Burns and failed to limit the question of damage to the damage caused by Burns, are without merit if we are correct in our disposition of appellant's principal contention that she cannot be held for the indivisible injury. These points are therefore overruled.

Other contentions are that the finding of damages was excessive. There was evidence to support a finding in a greater, as well as in a lesser, amount, and this court is not in a position to say that the jury was not warranted in arriving at the amount which was found.

Appellant contends that the evidence was insufficient to support the jury's findings in respect to several matters of negligence and proximate cause. Without detailing it, we think the evidence was sufficient to support every finding about which complaint is made.

We have considered all of appellant's points, but do not think reversible error is shown.

The judgment is affirmed.