**Erwin SCHUMANN, et al., Appellants,**

v.

**Annie L. ABERNATHY, et al., Appellees.**

**No. 4813.**

Court of Civil Appeals of Texas.

Waco.

May 15, 1969.

Rehearing Denied June 16, 1969.

Joseph B. Dibrell, Seguin, for appellants.

J. C. Reagan, New Braunfels, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiffs Schumann, et al., from a judgment sustaining defendants Abernathy et al.'s plea of res adjudicata and decreeing plaintiffs take nothing.

Plaintiffs, the heirs of Fritz Schumann, deceased, brought this suit to declare void deeds executed by Schumann in 1945 to 116 acres of land in Guadalupe County. Plaintiffs alleged mental incapacity on the part of Schumann to execute a deed, that Schumann was unduly influenced to execute the deeds, fraud on the part of defendants, no consideration, and failure of consideration in that "defendants failed and refused to perform the duties and obligations set forth in said deeds". Plaintiff prayed that the deeds be declared null and void and that they have judgment for title and possession to the property.

Defendants answered by plea of res adjudicata in bar of plaintiff's suit asserting that in the same court in Cause A2733, Fritz Schumann (plaintiff's predecessor) as plaintiff, sued present defendants for the same property on identical issues, that such cause was dismissed with prejudice to plaintiff in 1955, and is res adjudicata to plaintiff's present suit; and further that Fritz Schumann as plaintiff sued present defendants for the same property on identical issues in Cause A3592 in the same court; that summary judgment was rendered in 1958 that plaintiff take nothing, and that defendants recover the property here in controversy from plaintiff.

The trial court after hearing sustained defendant's plea of res adjudicata and entered judgment that plaintiffs take nothing.

Plaintiffs appeal asserting the trial court erred in sustaining defendants pleas of res adjudicata for the reason the judgments in the prior cases did not set aside the deed of February 22, 1945, which specified defendants were to make certain payments and perform certain services for Fritz Schumann until his death, and consequently neither judgment could possibly have determined the performance by defendants from the date of the last judgment (March 31, 1958), until the death of Schumann on February 22, 1964.

The deed was for a "consideration of $10.00", and the further consideration, conditions and reservation that Mrs. Annie Lehman Abernathy and Dr. Leroy G. Lehman (defendants herein and grantees in the deed), *"shall and will pay to the said Fritz Schumann each and every year during his natural life the sum of two hundred dollars ($200.00) in cash and further in case of sickness and old age to take good care of him and do everything necessary for his welfare, this to be considered a lien on the premises hereby sold and to extinguish with death of grantor, and further, the premises to revert to grantor in case on non-payment by grantees of the sum above stipulated. * * *"*

Plaintiffs assert the deed was upheld in both the 1955 and 1958 judgments; that Schumann lived until 1964; and that plaintiffs should have a trial to permit them to prove that defendants did not pay the consideration called for by the deed from the date of the last judgment until the death of Schumann.

Defendants assert the 1955 agreed judgment compromised and settled all disputes between Schumann and defendants, and superceded the obligation imposed on defendants by the 1945 deeds; and further that the 1958 judgment decreed title into defendants of the lands here involved.

The 1955 suit (Cause A2733) is res adjudicata of Schumann's mental condition, undue influence, defendants' fraud, and the $200. per year payments through August 25, 1955; and the 1958 suit (Cause A3592) is res adjudicata of these same issues as well as the $200. per year payments through March 31, 1958.

Such judgments cannot be res adjudicata to the further requirements of the deed that defendants pay Schumann $200. per year from March 31, 1958 until his death in 1964, or "in case of sickness and old age to take good care of him and do everything necessary for his welfare". Moreover such judgments could not and did not adjudicate the provision for reversion of the premises for non-payment of the sums required.

Plaintiffs point is sustained.

Reversed and remanded.