Minnie ROBERTS, Appellant,

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

**No. 4952.**

Court of Civil Appeals of Texas, Waco.

Dec. 17, 1970.

Rehearing Denied Jan. 7, 1971.

John D. Griggs, Dallas, for appellant.

Burford, Ryburn & Ford, James Holmes, III, and J. Dan Bohannan, Dallas, for appellee.

## OPINION

WILSON, Justice.

Summary judgment for appellee was rendered in this workmen's compensation case. The sole issue is whether the record establishes that there is no genuine issue of fact as to whether appellant was engaged on a personal mission when she sustained her injury.

In our opinion the injury of appellant was not sustained in the course of her employment, under Art. 8309, Sec. 1, Vernon's Ann.Civ.Stat. as a matter of law, and we affirm.

We assume, as appellant states, that the record shows she was injured on the employer's premises during working hours. Her job was to fill mail orders by selecting sewing patterns from bins. After appel-lant finished drinking coffee, before punching the time clock, she "happened to think" she needed a pasteboard box, and asked her superintendent if she could have one of her employer's boxes in which to mail some cookies and cakes to her son. She testified she had not started to work, but "was ready to go to work". The superintendent told her she could have the box.

In her deposition appellant testified she was injured when she started to her car to put the carton in her car, parked on the employer's parking lot, and that she told the superintendent, "I am going to take it out to my car". The typed deposition reads, "I wasn't doing it for the Company". She testified her mission did "not necessarily have anything to do with" her employer's work. There were added in handwriting, after typescription, words to make it appear that the superintendent "instructed" or "told" her to take her carton to the car. Appellant testified the purpose for which she wanted the box was "purely personal".

The accident and appellant's injuries did not arise out of her employment; they did not have to do with or originate in her employer's business; and she was not engaged in the furtherance of her employer's affairs or business, the prerequisite factors under Art. 8309, sec. 1. There is no suggestion in the record that appellant was temporarily directed or instructed by the employer to perform any "service" for or incidental to the work of the employer or that appellant was employed in the usual course of the employer's business when any purported direction was given or when the injury occurred. She was engaged on a purely personal mission, and the injury was not compensable. McKim v. Commercial Standard Ins. Co. (Tex.Civ.App., 1944, writ ref.), 179 S.W.2d 357. See Fowler v. Texas Employers' Ins. Ass'n (Tex.Civ. App., 1951, writ ref.), 237 S.W.2d 373.

Affirmed.