Robert G. KAISER, Appellant,

v.

NORTHWEST SHOPPING CENTER, INC., Appellee.

No. 19970.

Court of Civil Appeals of Texas, Dallas.

July 27, 1979.

Rehearing Denied Aug. 28, 1979.

Johnny W. Mims, Adams, Mims, and Vorpahl, Dallas, for appellant.

John C. Biggers, Rick W. Hightower, Biggers, Beasley, Amerine & Earle, Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and HUMPHREYS, JJ.

GUITTARD, Chief Justice.

In this suit by a lessee for breach of the lessor's obligations under a commercial lease, the trial court rendered summary judgment based on a plea of res judicata. On this appeal lessee contends that the present suit is not barred because his present claim is not one that he was required to assert as a counterclaim in the earlier suit against him by lessor. We hold that insofar as lessee's petition in the present case can be interpreted to claim damages from breaches of lessor's obligation that occurred since lessee answered in the earlier suit, this suit is not barred, and, consequently, that the summary judgment was improper.

The question must be determined from the pleadings in the two suits. The earlier suit was brought by lessor to recover on several checks delivered by lessee as payment for the rent due under the lease and for termination of the lease for nonpayment of the rent. Lessee alleged in his answer in that suit that he had made a timely tender of all rentals due and performed all his obligations under the lease, but that lessor had—

> engaged in a course of continuing harassment, in a course of leaving the parking lot adjacent to the Defendant's store in darkness, and in a course of leaving the shopping center in a general state of disrepair—notwithstanding the fact that the Defendant was paying for maintenance thereof—all of which was designed for the sole purpose of requiring this Defendant to either vacate the premises or voluntarily delete from his lease that language which gave him the exclusive right to maintain a pharmacy in the shopping center.

Lessee's prayer was that the lessor take nothing and that lessee "go hence without day and recover his costs."

The judgment in the earlier suit awarded plaintiff a recovery for the rent claimed and an attorney's fee, but denied all other relief. This court affirmed the judgment to

the extent of the recovery of rent, but reversed and remanded on the issue of the attorney's fee. *Kaiser v. Northwest Shopping Center, Inc.*, 544 S.W.2d 785 (Tex.Civ. App.—Dallas 1976, no writ). That issue was subsequently settled and an agreed judgment was entered.

The present suit was filed while the earlier case was still pending. In his amended petition, lessee alleges that lessor breached the lease by engaging in a "course of harassment" of the lessee and "studied neglect of the property" and thus failed to afford lessee "a reasonable environment from which to draw his customers." Specifically, lessee alleges that lessor failed to repair the lighting fixtures in the parking lot in the immediate vicinity of his drug store, though frequently requested to do so, and that lessor failed to keep the parking surface in good repair. Lessee further alleges that as a result of these breaches of the lease he has suffered special damages in the amount of $400,000 from loss of business and from "robberies on virtually a monthly basis" commencing at approximately the same time lessor began the course of conduct complained of. The petition alleges no date on which any of the breaches or damages occurred.

Lessor answered by a plea of res judicata and filed a motion for summary judgment. Attached to this motion is an affidavit stating: "The alleged breaches of Northwest Shopping Center as enumerated in Robert G. Kaiser's Answer are the same alleged breaches that Robert G. Kaiser is now alleging in the present suit."

Lessee attacks the summary judgment on the ground that lessor's motion and affidavit fail to establish that the former judgment is res judicata of the present suit because they fail to show that any of the damages now alleged had been suffered by plaintiff when the earlier suit was pending. Alternatively, lessee contends that since lessee continued in possession of the leased premises during and after the other suit, fact issues are raised as to whether any or all of the damages sued for were caused by lessee's conduct after that trial.

Lessor contends that the summary judgment was proper because the present petition shows on its face that the breaches of its obligations alleged in the present suit are the same breaches alleged in lessee's answer in the former suit, and that if lessee had any damage resulting from such breaches, he was required by Rule 97 of the Texas Rules of Civil Procedure to assert his claim by a counterclaim in that suit. Lessor argues that the measure of plaintiff's damages for the breaches alleged in the present case and also in the earlier suit is the reduction in value of the leasehold for the remainder of the term. The damage was done, lessor asserts, when the breach occurred, and, therefore, lessee was required to make his claim at that time for all his damages, past and prospective, just as if he had sustained a personal injury and the full extent of his damages had not yet been determined.

We conclude that the claim asserted in this suit is not so clearly one for damages that accrued before the former trial as to be one that lessee was required to assert in that suit. In the first place, the time of accrual of the present cause of action is not conclusively established by the similarity of the allegations of the present petition to those in lessee's answer in the earlier suit, even when taken together with the affidavit accompanying lessor's motion for summary judgment. The statement in that affidavit that the breaches are the same adds nothing because it is only the affiant's interpretation of the pleading. The affidavit does not state that no breach occurred after lessee answered the first suit or that no additional damages were sustained after that time. The present petition does not allege the date of any breach by lessor or when any damage occurred. Evidence would be admissible to establish a breach after that time. Consequently, the summary-judgment proof does not support the plea of res judicata.

In the second place, the present petition alleges continued breaches of lessor's obligations under the lease rather than a single breach at a particular time. It avers that

lessor commenced and continued for an indefinite period of time a course of conduct in breach of its obligation to keep the outside lights and parking area in good repair. So far as appears from the summary-judgment proof, that breach, if begun before issue was joined in the earlier suit, has continued since that time. The question is raised, therefore, as to whether damages resulting from a breach beginning before lessee answered in the earlier case, but continuing after that time, are within the compulsory counterclaim requirement of Rule 97.

■ This question depends on whether lessee was bound to treat lessor's breach of its obligations to repair as a total breach of the lease at the time of the former suit, or whether he could treat it as partial and claim at that time only such damages as might result from failure to repair the lights and parking lot up to that time, leaving for future litigation any damages resulting from subsequent failure to repair. The general rule is that in the event of a material breach of contract, the promisee may treat the breach as total and sue for all foreseeable future damages, or, if the promisor has not repudiated the contract, the promisee may elect to treat the breach as partial and bring successive suits for continued or successive breaches. Restatement of Contracts § 317(2) (1932); 4 A. Corbin, Contracts, §§ 946, 954, 956 (1951). This rule does not transgress the principle forbidding "splitting a cause of action," so long as the successive suits do not become so unreasonable as to be vexatious. Corbin, *supra*, § 955. With respect to successive breaches of a "continuing contract," Professor Corbin states the rule as follows:

> These contracts too are capable of a series of "partial" breaches, as well as of a single total breach by repudiation or by such a material failure of performance when due as to go "to the essence" and to frustrate substantially the purpose for which the contract was agreed to by the injured party. For each "partial" breach a separate action is maintainable, just as in the case of an "instalment" contract;

and for a series of "partial" breaches occurring before any action is brought only one action is maintainable. Corbin, *supra*, § 946 at 841.

■ This rule, in our opinion, governs the present case. Although lessee did not file a counterclaim in the earlier suit for the damages then accrued, we assume that his claim was, to that limited extent, a compulsory counterclaim under Rule 97. Therefore, the posture of the present suit is the same as if such a limited counterclaim had been filed. According to the allegations of his present petition, lessee treated lessor's failure to repair as a partial rather than a total breach by continuing to occupy the premises and repeatedly requesting lessor to make the repairs it was obligated to make. The ultimate amount of lessee's damages could not have been determined at the trial of the earlier suit, since the outside lights and parking area were within an area reserved to lessor rather than on the leased premises, and lessor could have eliminated further damages at any time by making the repairs requested. Under these circumstances the present suit cannot be considered unreasonable or vexatious. Consequently, we hold that under the facts alleged in the present petition, any damage claimed from breach of lessor's obligation to repair after lessee filed his answer in the earlier suit is not barred by failure to assert a counterclaim in that suit.

We have found no Texas authority on this exact point, but our holding is consistent with decisions to the effect that a claim for breach of a continuing contract is not barred by a judgment in an earlier suit on the same contract if other breaches of the contract occurred after the claimant in the later suit filed his pleading in the earlier suit. *Ben C. Jones & Co. v. Gammel Statesman Publishing Co.*, 100 Tex. 320, 99 S.W. 701, 703 (1907); *Schumann v. Abernathy*, 442 S.W.2d 455 (Tex.Civ.App.—Waco 1969, no writ). Under *Ben C. Jones*, the date of filing the pleading rather than the date of trial or judgment is controlling. *Accord: Texas Oil & Gas Corp. v. Vela*, 429 S.W.2d 866, 874 (Tex.1968); *Reserve Life Ins. Co. v.*

*Shelton,* 415 S.W.2d 281, 285 (Tex.Civ.App. —Austin 1967, writ dism'd).

We do not determine on this appeal the proper measure of the damages alleged in the present petition or whether the special damages alleged are recoverable because these questions have not been fully briefed and we cannot anticipate what proof will be offered or what amendments to the pleadings will be allowed. The only question presented to us is whether this record shows conclusively that the present claim was one that had accrued at the time of the earlier suit and should have been pleaded in that suit. We hold that the record is not conclusive on that point. Consequently, the trial court erred in rendering summary judgment for lessor.

Reversed and remanded.