**Ruben SALAIS and Rachel O. Salais, Appellants,**

v.

**Lou MARTINEZ, Jr., Appellee.**

**No. 6905.**

Court of Civil Appeals of Texas, El Paso.

July 16, 1980.

Rehearing Denied Aug. 26, 1980.

John H. Whitaker, El Paso, for appellants.

Merkin, Hines & Baker, William L. Merkin, Stephen A. Hines, Duane A. Baker, El Paso, for appellee.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is a suit for damages arising out of the purchase of a dwelling by Appellants, and is based on allegations of violations of Section 27.01 of the Tex.Bus. & Comm. Code Ann., Section 17.50 of the Deceptive Trade Practices Act, Tex.Bus. & Comm. Code Ann. (Supp. 1980), and common law fraud. The question presented here involves the correct measure of damages. The trial Court directed a verdict for Defendant. We reverse and remand.

This case was tried on pleadings under which Plaintiffs, Appellants here, asserted a cause of action against Appellee for fraudu-

lently inducing them to enter into a contract for purchase of a dwelling. It was alleged, also, that Appellee agreed to make certain repairs, and that they were induced to sign the closing papers based on these promises to repair. Among other things, Appellants sought damages under the Deceptive Trade Practices Act for this failure to repair, which they alleged to be in the amount of $10,973.00. On trial of the case, the only evidence offered as to damages was as to the cost of repairs, and, at the conclusion of the evidence, Defendant moved for a directed verdict which the Court granted. Appellants' sole point of error is that the trial Court erred in directing or instructing the verdict in the cause based upon the theory that the cost of repair was not the proper measure of damages. Appellee joins issue, asserting that the cost of repairs is not the proper measure of damages and, also, that the evidence on the issue was too remote and insufficient to warrant the submission of an issue.

We hold that the cost of repairs is the proper measure of recovery under the Deceptive Trade Practices Act portion of this case. Irrespective of the other allegations, Appellant did plead a cause of action for failure to make the promised repairs and, having offered evidence thereon, he was entitled to an issue to go to the jury. The measure of damages under the Deceptive Trade Practices Act is not set out except in the terms "adversely affected" and "actual damages" used in Section 17.50(a) and Section 17.50(b)(1), respectively. In *Woo v. Great Southwestern Acceptance Corporation*, 565 S.W.2d 290 (Tex.Civ.App. —Waco 1978, writ ref'd n.r.e.), the Court considered the problem of how the damages were to be measured under the Deceptive Trade Practices Act, and concluded:

> We believe the Act was intended to permit the adversely affected plaintiff to recover the greatest amount of 'actual damages' he has alleged and established by proof was factually caused by the defendant's conduct. This rule serves the dual purpose of the Act of encouraging consumers to litigate their grievances and

of deterring unlawful conduct. See, *Woods v. Littleton*, 554 S.W.2d 662, 670–671 (Tex.Sup.1977). In our case it permits Woo a recovery of the consideration paid by her for the distributorship as her actual damages.

In the case before us, Appellants sought their "actual damages" for the failure to make the promised repairs. In lieu of the repairs being made, their damages would be the cost of such repairs. Direct economic loss may be measured by cost of replacement and repairing. *Nobility Homes of Texas, Inc. v. Shivers*, 557 S.W.2d 77 (Tex. 1977). In construction contracts, where the correction of defects and deviations would not impair the structure as a whole, the remedial cost is an appropriate measure of damages. *Greene v. Bearden Enterprises, Inc.*, 598 S.W.2d 649 (Tex.Civ.App.—Fort Worth 1980, no writ), citing *Rogowicz v. Taylor and Gray, Inc.*, 498 S.W.2d 352 (Tex. Civ.App.—Tyler 1973, writ ref'd n.r.e.); *Drury v. Reeves*, 539 S.W.2d 390 (Tex.Civ. App.—Austin 1976, no writ). *Greene v. Bearden Enterprises* was a consumer protection case. *Young v. DeGuerin*, 591 S.W.2d 296 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ), was also a consumer protection case, and that Court, too, cited the same rule which we have cited from *Greene v. Bearden Enterprises, Inc.*, and the authorities in support of it.

Appellee contends there was insufficient evidence to submit an issue on the cost of repairs in that the evidence presented by Appellants did not show the cost of repairs at the time of the contracting but, rather, some eleven months later. The failure to repair was a continuing breach so that the cost of repair some eleven months later would be a proper measure of damages. The cause of action for failure to repair still existed so long as they were not made.

In viewing the record in the light of an instructed verdict, *Shubert v. Fidelity & Casualty Company of New York*, 467 S.W.2d 662 (Tex.Civ.App.—Houston [1st Dist.] 1971, writ ref'd n.r.e.), we have determined that there is some evidence of probative force justifying the submission of the damage issue to the jury.

The judgment of the trial Court is reversed, and the cause is remanded for another trial.