ATF FORM 4473-PT 1 (10-75) EDITION OF 6-74 MAY BE USED

ROBINSON MACHINERY COMPANY, INC., a Texas Corporation, Appellant,

v.

Jeff DAVIS, Appellee.

No. 10–84–110–CV.

Court of Appeals of Texas, Waco.

March 21, 1985.

Rehearing Denied April 18, 1985.

Vance Dunnam, Dunnam, Dunnam, Horner & Meyer, Waco, for appellant.

James E. Wren, Waco, for appellee.

## OPINION

THOMAS, Justice.

This is a Deceptive Trade Practices Act (DTPA) case. Plaintiff-Appellee, Jeff Davis, sued Defendant-Appellant, Robinson Machinery Company, Inc. (Robinson Machinery), for damages to his tractor. The damages were allegedly caused when Robinson Machinery attempted to repair the tractor. The jury found that Robinson Machinery's failure to perform its work in a good and workmanlike manner was a producing cause of $3500 damage to Davis' tractor. The court entered judgment for $5500, which was the amount of Davis' actual damages plus two times the first $1000 of actual damages, as authorized by Tex.Bus. & Comm.Code Ann. § 17.50(b)(1) (Supp.1985). Robinson Machinery claims on appeal that the court should have entered judgment against Davis because the damage issue was improperly submitted and Davis failed to obtain a jury finding on a proper measure of damages. We affirm.

On September 10, 1980, Davis took his tractor to Robinson Machinery to have the clutch repaired and to have a new pump installed on the rear power lift. He picked up the tractor on September 24; however, the power lift would not function properly. Davis drove the tractor back to Robinson Machinery on four subsequent occasions for repairs but the power lift still would not function properly. When Davis returned the tractor to Robinson Machinery the final time for repairs, a mechanic dismantled the engine. Davis then discovered that pieces of metal had chipped away and damaged the gears and bearings. After being told that it would cost $6000 to completely repair the tractor, Davis decided to trade it in rather than repair it. He traded the tractor for another tractor in March 1981. Davis sued Robinson Machinery to recover the difference between the trade-in value of the tractor in its damaged condition and the trade-in value if Robinson Machinery had repaired it as promised and warranted. At trial, Davis' expert witness testified that the metal chips would cause damage to other vital parts. The metal chips would contaminate the oil system and clog the filter, causing a malfunction of the hydraulic system operating the rear power lift. According to the expert witness, this condition would also cause a continuing deterioration of the whole tractor.

In its first three points of error, Robinson Machinery claims that the trial court submitted an improper measure of damages. The following damage issue was submitted to the jury:

> Find from a preponderance of the evidence the difference, if any, between what the cash market value of the tractor was at the time of its trade-in by Jeff Davis, and what the cash market value of the tractor would have been at the time of the trade-in if the work by Robinson Machinery Company, Inc., had been performed in a good and [workmanlike] manner, if applicable, or as warranted, if applicable, or as represented, if applicable.

The parties agree that the proper measure of damages was the difference between the value of the property immediately before and after the injury. Their real dispute is over when the injury took place. Robinson

Machinery's argument is essentially that any injury occurred at the time of repair, and therefore, the difference in value should have been determined immediately after Robinson Machinery attempted to repair the tractor. Davis, however, claims that the injury was a continuing one, which continued to cause damage until he traded in the tractor. Davis thus argues that the difference in value should have been determined at the time of the most distant injury, i.e. at the time of trade-in.

The DTPA provides for the recovery of "actual damages" which are produced by a DTPA violation. Tex.Bus. & Comm.Code Ann. § 17.50(a) (Supp.1985). The DTPA does not define actual damages; however, the Supreme Court has defined actual damages as those recoverable at common law. *Brown v. American Transfer & Storage Co.*, 601 S.W.2d 931, 939 (Tex.), *cert. denied,* 449 U.S. 1015, 101 S.Ct. 575, 66 L.Ed.2d 474 (1980). At common law, when one isolated event does not cause all of the damage to property, but rather the total damage is the result of a continuing cause, the difference in value is not determined immediately after the damage begins. *Burns v. Lamb,* 312 S.W.2d 730, 734 (Tex.Civ.App.—Fort Worth 1958, writ ref'd n.r.e.). When there is a continuing cause of damage, measuring the difference in value immediately after the damage starts would be unduly restrictive and would not fully compensate the plaintiff for his loss. The court in *Lamb* recognized that the first damage may not be the last nor the greatest amount of damage, and that damage from a continuing cause necessarily becomes greater than when the damage first begins. *Id.* Under such circumstances, the courts have recognized a more flexible rule. *See, e.g., id.; Longwell Transfer v. Elliott,* 267 S.W. 346 (Tex.Civ. App.—El Paso 1924, writ ref'd) (holding a warehouseman liable for the progressive deterioration of goods which he allowed to get wet and not merely for the damage caused when the goods initially got wet). In *Salais v. Martinez,* 603 S.W.2d 296 (Tex. Civ.App.—El Paso 1980, no writ), the court recognized this common law rule and applied it to a DTPA case. After concluding that the failure to make repairs was a continuing cause of breach, the court in *Salais* allowed the amount of damages to be calculated eleven months after the defendant originally failed to make repairs. *Id.*

Davis introduced evidence to show that Robinson Machinery's conduct was a continuing cause of the damage to his tractor, and based on this evidence, the jury found that Robinson Machinery failed to repair the tractor in a good and workmanlike manner as it had represented and warranted that it would do. Thus, because the injury to the tractor was a continuing one, we hold that the difference in the market value of the tractor at the time of trade-in was a proper measure of damages. Points one, two and three are overruled.

In its fourth point of error, Robinson Machinery claims that the court erred when it denied its motion for judgment, because Davis failed to obtain a finding on any legal measure of damages. Having concluded that the measure of damages was proper, we overrule point four.

The judgment is affirmed.