In re Curtis D. ZELMER, Debtor–
In–Possession,

Curtis D. Zelmer, Plaintiff–Appellee,

v.

21st Century Towing, Inc.,
Defendant–Appellant.

Bankruptcy No. 300–30202–rld11.
CIV.No. 01–1309–HA.

United States District Court,
D. Oregon.

Jan. 2, 2002.

Christine A. Kosydar, Leta E. Gorman,
Stoel Rives LLP, Portland, OR, for Defendant–Appellant.

Steven Blackhurst, Daniel P. Larsen,
Ater Wynne, LLP, Portland, OR, for Debtor/Plaintiff–Appellee.

## OPINION AND ORDER

HAGGERTY, Chief Judge.

The matter before the court is an appeal from the final decision of the United States Bankruptcy Court for the District of Oregon entered on April 12, 2001. The district court acts as an appeals court from decisions of the bankruptcy court. The parties agree that this court may exercise jurisdiction under 28 U.S.C. § 158(a)(1). Appellant elects to have its appeal heard by this court rather than the Bankruptcy Appeal Panel, see 28 U.S.C. § 157. Jurisdiction for the original proceeding arose under 28 U.S.C. §§ 1334(b) and 157(b)(1) and (2), as well as Rule 2100–1 of the Local Rules of Civil Practice.

The court acknowledges that both parties requested oral argument regarding this appeal. The court concludes that oral argument is unnecessary, and for the reasons below affirms the ruling by the United States Bankruptcy Court for the District of Oregon.

## BACKGROUND

Appellant asserts that the United States Bankruptcy Court for the District of Oregon erred in granting summary judgment to appellee and ruling that appellant's unsecured claims were barred by issue and/or claim preclusion. Appellant "21st Century Towing" (referred hereinafter as appellant or 21st Century) was a self-described "vehicle-recycling enterprise" which entered into an agreement in 1997 with appellee Curtis Zelmer (referred hereinafter as appellee or Zelmer) to lease Zelmer's property at 12104 N. Columbia Boulevard, in Portland, Oregon. Problems arose subsequent to the execution of this commercial real estate lease, and the parties proceeded to arbitration. The Arbitrator rendered an award in favor of 21st Century in the amount of approximately $600,000, and appellee subsequently petitioned for bankruptcy. The Arbitrator's award became a secured claim, and was paid by the bankruptcy trustee.

In addition to this secured claim, 21st Century Towing filed an unsecured claim against appellee for lost profits and other damages. Bankruptcy Judge Randall Dunn granted appellee's motion for summary judgment against this unsecured claim, and 21st Century Towing appeals.

The district court reviews the findings of fact of the bankruptcy court under a clearly erroneous standard, and conclusions of law, such as summary judgment decisions, are reviewed de novo. *Daniels–Head & Assocs. v. William M. Mercer, Inc. (In re Daniels–Head & Assocs.),* 819 F.2d 914, 918 (9th Cir.1987).

## ANALYSIS

1. DID APPELLANT CLAIM A MATERIAL BREACH OF THE LEASE RATHER THAN A PARTIAL BREACH?

Appellant argues that its unsecured claims are not barred by claim preclusion, because the claims arise from successive breaches of a continuing contract. Appellee does not dispute that appellant states the law correctly for successive breaches of a continuing contract, but asserts that the United States Bankruptcy Court for the District of Oregon properly determined that appellant pled a material breach and constructive eviction. As such, the parties were limited to asserting their breach claims in a single action. See Appellee's Response Brief at 8–9 and authorities cited therein; see also Appellant's Brief at 19 (citing *Elliot Megdal and Assocs. v. Daio USA,* 87 Hawai'i 129, 952 P.2d 886 (Hawai' App.1998) and noting that where a plaintiff terminated a lease, it created a single breach of contract claim, and plaintiff could not then sue periodically under that lease).

Appellant acknowledges the "general rule" that a party may sue for all foreseeable damages in the event of a material breach, or—if that party has not repudiated the contract—it may elect to treat the breach as partial and bring successive suits for continued breaches. Appellant's Brief at 21, quoting *Kaiser v. Northwest Shopping Center, Inc.,* 587 S.W.2d 454, 456–57 (Tex.Civ.App.1979) (citations and internal quotations omitted). Appellant argues that it could not have brought its present claims in an earlier action, because the damages arising from the claims were not incurred until after the earlier action was filed. Appellant complains that appellee failed to produce any evidence to the contrary, while appellant has established through affidavit that the damages at issue arose subsequent to the arbitration and were in fact unknown at the time of that arbitration.

This court agrees with the Bankruptcy Court in concluding that appellant pro-

ceeded to arbitration on the theory that appellee committed a material breach, and that accordingly, appellant is not now entitled to additional causes of action. The Bankruptcy Court referred to appellant's acknowledgments in prior briefings that it owed no duty to pay rent due to constructive eviction, and that appellant did in fact terminate rental payments after paying $15,500 of a total of $106,500 of rent due under the first lease. The court found that appellant claimed material breach and an "effective repudiation" of the lease by appellee, and that appellant itself committed a material breach by refusing to pay rent because of alleged constructive eviction. Although it may be true that appellant's unsecured claims consist of alleged damages that were unknown at the time of arbitration, appellant's posture fails to alter the conclusion that appellant previously claimed a material breach and constructive eviction, and elected to terminate lease payments in accordance with these claims. The Bankruptcy Court's cited legal authorities, as well as the authorities relied upon by both parties, acknowledge consistently that under circumstances establishing a material breach (particularly where a lessee materially breaches by electing to terminate rent payments), the parties are left with treating the contract as terminated and suing once for total breach. See, e.g., *Little Caesar Enterprises, Inc., v. R–J–L Foods, Inc.,* 796 F.Supp. 1026, 1032 (E.D.Mich.1992); see also Letter Opinion of Judge Dunn at ER0583 and authorities cited therein. Accordingly, the United States Bankruptcy Court for the District of Oregon concluded correctly that under the facts presented, appellant made an unequivocal election to sue for material breach and was entitled to only one action under the lease. The Bankruptcy Court's ruling is affirmed.

## 2. DID APPELLEE REPUDIATE THE LEASE, REQUIRING APPELLANT TO BRING ALL CLAIMS IN ONE ACTION?

■ Similarly, this court adopts the Bankruptcy Court's finding that appellant alleged "effective repudiation" on the part of appellee in the arbitration proceedings, and that the court proceeded to properly conclude that "21st Century had its opportunity in the Arbitration to assert and recover all damages resulting from Mr. Zelmer's material breaches and repudiation of Lease No. 1." See Letter Opinion of Judge Dunn at ER0588. In cases in which "there has been a repudiation of a contract, the breach gives rise to only one cause of action." *Wilson v. Western Alliance Corp.,* 78 Or.App. 197, 201, 715 P.2d 1344, 1346, rev. denied, 301 Or. 446, 723 P.2d 325 (1986).

Clearly, appellant attempted at arbitration to assert claims for future damages in the form of lost profits and income. While the Arbitrator denied these claims, the Arbitrator's Amended and Restated Award contemplated such issues generally, since appellant received an award that reflected an amount greater than the amount of rental payments owed, addressed the parties' future relationship, and concluded with the statement that the award was "in full settlement of all claims and counterclaims submitted to this arbitrator." See ER0391.

## 3. OTHER ISSUES

This court also concludes that appellant's claim for the loss of an "Abandoned Vehicles Contract" in August, 1998, is barred for the additional reasons that this claim existed and was not raised at the times that the initial Demand for Arbitration (October, 1998) and the Amended Demand for Arbitration (December, 1998) were made. See *United States ex rel.*

*Barajas v. Northrop Corp.,* 147 F.3d 905, 909 (9th Cir.1998) (applying the doctrine of claim preclusion).

Because of the disposition of the case as described above, this court need not reach the merits of appellee's argument that appellant should be barred from attempting to again seek lost income and lost profits under the doctrine of issue preclusion. The Bankruptcy Court's findings of fact and conclusions of law in this matter are affirmed for the reasons stated above.

RULING OF THE COURT

For the reasons provided, appellant 21st Century's appeal is denied. This court ADOPTS the decision of the Honorable Randall L. Dunn, United States Bankruptcy Judge, which was filed on April 12, 2001, granting summary judgment to appellee Zelmer.

IT IS SO ORDERED.