Affirmed in Part, Reversed and Remanded in Part, and Majority and
Dissenting Opinions filed July 7, 2005









 



Affirmed in Part, Reversed and Remanded in Part, and
Majority and Dissenting Opinions filed July 7, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00993-CV

____________

 

BRENDA S. CANNON, Appellant

 

V.

 

UNIVERSITY TRACE
CONDOMINIUM ASSOCIATION, Appellee

 



 

On Appeal from the 157th
District Court

Harris County, Texas

Trial Court Cause No. 00-46115

 



 

D I S S E N T I N G   O P I N I O N

I respectfully disagree with the majority=s conclusion that
the trial court erred by granting summary judgment in favor of UTCA on Cannon=s breach of
contract claim.  The majority=s reliance on the
theory of continuing breach of contract is misplaced.








As the majority noted, the limitations
period for a breach of contract cause of action is four years.  Stine v. Stewart, 80 S.W.3d 586, 592
(Tex. 2002).  A claim for breach of
contract accrues when the contract is breached. 
Id.  The breach in this
case accrued at the latest on November 1, 1993, the date on which Cannon sent
her complaint of Acontinual leaking of the outside wall of
[her] residence.@ 
Cannon was required to bring a claim based on this breach within four
years of her complaint letter.  Because
Cannon did not bring suit against UTCA until September 8, 2000, her claims for
breach of contract are barred by limitations.

The majority relies on Salais v.
Martinez, 603 S.W.2d 296 (Tex. Civ. App.CEl Paso 1980, no
writ),  and Kaiser v. Northwest
Shopping Center, Inc., 587 S.W.2d 454 (Tex. Civ. App.CDallas 1979, writ
ref=d n.r.e.), as
standing for the propositions that (1) where a party to a contract has
undertaken a continuing duty to the other party, the duty constitutes a
continuing covenant and each failure to perform is a separate breach and (2) a
cause of action for failure to perform the duty exists so long as breaches of
the covenant continue.  Salais is
a damages case, and it is not applicable here. 
See Salais, 603 S.W.2d at 296. 
Further, I believe the majority has misconstrued Kaiser.  Kaiser
addresses whether a lessee suing for breach of the lease was required to
assert his claim as part of a compulsory counterclaim in an earlier suit.  Kaiser, 587 S.W.2d at 455.  In determining that lessee=s claim was not
barred by the earlier suit, the court addressed the issues of complete and
partial breaches in a contract as well as continuing contracts, but not
continuing breach.  See id. at 457B58.








Further, the majority relies on McCreless
Properties, Ltd. v. F.W. Woolworth Co., 533 S.W.2d 863 (Tex. Civ.
App.CSan Antonio 1976,
writ ref=d n.r.e.), as
standing for the proposition that a claim for breach of contract based on a
continuing duty to repair is not barred by the statute of limitations simply
because the original leak occurred outside the statute.  McCreless involved a breach of
contract suit by a tenant against a landlord for the recovery of damages caused
by a collapsed roof.  Id. at
864.  The roof originally began leaking
in 1969; repairs were made; there was another leak in 1971; and suit was
brought in 1973 after the roof collapsed. 
Id. at 865.  McCreless, the
landlord, argued that the suit should be barred by the four-year statute of
limitations.  Id. at 866.  In holding that the claim was not barred by
limitations, the San Antonio Court of Appeals relied on a jury finding that
additional repairs were first needed in 1971. 
Id. at 867.  The court
noted that this finding was apparently based on the mutual belief by the
parties that the repair efforts in 1969 were successful.  Id.

Here, there is no agreement that UTCA was
ever successful in its repair efforts. 
In her original complaint letter, Cannon writes of Acontinual leaking@; in her
deposition, she stated that A[t]here were
continuous leaks from the outside wall that I always reported@ and that over the
years she made at least two written requests and over a dozen verbal requests
that the leaks be remedied.  Because the
leaks in the walls were never properly repaired while Cannon lived in the condo,
this was not a series of separate breaches, but one breach that was never
properly remedied. 

Because I disagree with the majority=s reliance on a
continuing breach of contract theory, I would hold that Cannon was required to
bring suit within four years of her written complaint regarding the leak.  Accordingly, I would affirm the trial court=s grant of summary
judgment in favor of UTCA on all grounds.

For these reasons, I dissent.

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment
rendered and Majority and Dissenting Opinions filed July 7, 2005.

Panel
consists of Justices Yates, Anderson, and Hudson. (Anderson, J. Majority)