

## Office of the Attorney General
### State of Texas

DAN MORALES
ATTORNEY GENERAL

November 17, 1992

Mr. Todd K. Brown
Executive Director
Texas Workers' Compensation
  Commission
Southfield Building
4000 South IH-35
Austin, Texas 78704-7491

Opinion No. DM-181

Re: Whether information related to an employee's "no lost time injuries" must be released by the Texas Workers' Compensation Commission as part of a record check or pre-employment check pursuant to the Texas Workers' Compensation Act, or a request pursuant to the Texas Open Records Act, and related questions (RQ-418)

Dear Mr. Brown:

You have requested an opinion regarding whether certain information retained by the Texas Workers' Compensation Commission (the "commission") must be searched and released pursuant to a record check or pre-employment check of an employee under the Texas Workers' Compensation Act, V.T.C.S. art. 8308-1.01 *et seq.* (the "act"), or pursuant to a request under the Texas Open Records Act, V.T.C.S. art. 6252-17a (the "Open Records Act"). By way of background, you explain that article 8308-5.05 of the act requires employers to file written reports with the commission when an injury results in the absence of the employee from work for more than a day. You state that employers are routinely filing reports regarding injuries for which employees are absent for one day or less (hereinafter referred to as "no lost time" or "NLT" injuries), despite the fact that neither the act nor the commission's administrative rules require such a filing. You further state that although employers are not required to file this information with the commission, the commission is currently maintaining this information on microfilm.

In light of this situation, you have asked the following:

    1. Whether information related to NLT[] [injuries] ... which is not required by law or administrative rule to be filed with the Commission must be retained?

2.  Whether [the NLT injury] ... information ... that is maintained by the Commission must be released as part of a record check or a pre-employment check?

3.  If ... the [NLT injury] information ... is not required to be released as part of a record check or a pre-employment check, is the information still confidential or is it subject to disclosure under the Open Records Act?

4.  If ... the [NLT injury] information ... must be released as part of a record check or a pre-employment check or is subject to disclosure under the Open Records Act, may the Commission charge a special fee for such a search?

First, we consider whether the commission must retain the reports regarding NLT injuries it receives from employers. As noted above, article 8308-5.05 of the act requires employers to file written reports with the commission "[i]f an injury results in the absence of the employee from work for more than one day or if the employee notifies the employer of an occupational disease ...." This provision does not require employers to file reports regarding NLT injuries. *See also Lowe v. Pacific Employers Indem. Co.*, 559 S.W.2d 370, 372 (Tex. Civ. App.--Dallas 1977, writ ref'd n.r.e.) (noting that predecessor provision did not require employer to file report for NLT injury). Nor have we found any other statute or rule which could be construed to require such a filing.[1] Thus, we agree with your premise that employers are not required to report NLT injuries to the commission and that the commission is under no duty to obtain or maintain such reports. Accordingly, we

---

[1]Article 8308-5.04(a) provides as follows: "Each employer shall maintain a record of injuries to employees as reported by an employee or otherwise made known to the employer. These records shall be made available to the commission at reasonable times and under conditions as prescribed by the commission." While article 8308-5.04 requires employers to maintain a record of all employee injuries, including NLT injuries, it does not require employers to report NLT injuries to the commission, nor does it require the commission to maintain such information. *See also* 28 T.A.C. § 45.10 (requiring employers to report to the Industrial Accident Board only those injuries which result in the absence from work for more than one day).

This office has received a brief suggesting that article 8308-2.31(c) of the act requires the commission to obtain and maintain NLT injury information because that provision requires the commission to release such information as part of record checks. We disagree. As noted below, *see infra* pp. 3-5, article 8303-2.31(c) does not generally require the commission to release NLT injury information as part of record checks.

believe that the commission may reject reports filed by employers which contain information about NLT injuries and which employers are not required to file under article 8308-5.05.

You suggest that because the commission is under no statutory duty to obtain and maintain this information from employers, therefore it is not required to retain such information already in its possession and may unilaterally destroy it. We disagree. "All information collected, assembled, or maintained by or for governmental bodies" is "information" subject to the Open Records Act. V.T.C.S. art. 6252-17a, § 3(a). Whether "information" in the hands of a governmental body is subject to the Open Records Act does not depend upon whether the governmental body has an affirmative statutory obligation to obtain the information in the first place. Thus, the microfilmed NLT injury information is clearly "information" subject to the Open Records Act. Section 5(a) of the Open Records Act places a duty on governmental bodies to preserve records, subject to penalties set forth elsewhere in the act. *See* V.T.C.S. art. 6252-17a, § 12 (providing that willful destruction of public records constitutes a misdemeanor). Records may be destroyed only as provided by statute. *See generally* Attorney General Opinions DM-40 (1991); JM-830 (1987); MW-327 (1981). The management, preservation, and destruction of state records is governed by sections 441.031 through 441.062 of the Government Code. *See* Attorney General Opinions DM-40 (1991); JM-1013 (1989). These provisions require state agencies to seek the guidance of the Texas State Library and Archives Commission before destroying records. Even if the commission is not required to collect information about NLT injuries, it cannot destroy such information already in its possession unless it follows the procedures set out in the aforementioned sections of the Government Code.

Next we consider whether NLT injury information maintained by the commission must be released as part of a record check or a pre-employment check. Articles 8308-2.31 through 8308-2.39 of the act govern the confidentiality of information "in or derived from a claim file." V.T.C.S. art. 8308-2.31(a). Generally, such information is confidential. *Id.* There are certain exceptions, however, including record checks and pre-employment checks.

Article 8308-2.31(c) requires the commission in certain circumstances[2] "to perform and release a record check on an employee, including current or prior

---

[2]Specifically, the commission must perform a record check if "the claim is open or pending before the commission, on appeal to a court of competent jurisdiction, or the subject of a subsequent

injury information," to, among others, the employee, the employer and the insurance carrier. *See also* V.T.C.S. art. 8308-2.31(d). We conclude that this provision requires the commission to release only information "in or derived from a claim file," and does not require the commission to release injury reports which are not "in or derived from a claim file," based on the following reading of article 8308-2.31.[3] First, subsection (c) of article 8308-2.31 is an exception to a broad confidentiality provision, found in subsection (a) of that article, which makes confidential all "information in or derived from a claim file." Thus, "current and prior injury information" in subsection (c) refers solely to information "in or derived from a claim file," *i.e.*, information which would otherwise be confidential under subsection (a). Second, subsection (d), the provision which sets forth the persons and entities to whom record check information may be released, states in pertinent part: *"Information on a claim* may be released as provided in Subsection (c) of this section to . . . ." (Emphasis added.) As subsection (d) demonstrates, the record check provisions only contemplate the release of information related to a claim.

Subsection (c) does not require release of NLT injury information where no claim has been filed regarding that injury. An employer injury report filed with the commission under article 8308-5.05 is not a claim. Claims are filed with the commission by employees or persons acting on their behalf. *See* V.T.C.S. art. 8308-5.01 (setting forth requirements for claims for compensation); *see also Lowe*, 559 S.W.2d at 372 (recognizing difference between employer injury reports and employee claims for compensation). We conclude that the commission is not

---

(footnote continued)
suit where the insurance carrier or the subsequent injury fund is subrogated to the rights of the named claimant." V.T.C.S. art. 8308-2.31(c)(1).

[3]Article 8308-2.31 provides in pertinent part:

(a) *Information in or derived from a claim file* regarding an employee is confidential and may not be disclosed by the commission except as provided by this Act.

. . . .

(c) The commission shall perform and release a record check on an employee, *including current or prior injury information*, to the parties listed in Subsection (d) of this section . . . .

(d) *Information on a claim* may be released as provided in Subsection (c) of this section to: . . . [Emphasis added.]

required to release information about NLT injuries as part of record checks, unless a claim for the injury has been made and the conditions of article 8308-2.31(c) and (d) have otherwise been met.

Similarly, articles 8308-2.33 and 8308-2.34 require the commission to release information about job applicants' prior injuries to prospective employers. *But see* Attorney General Opinion DM-124 (1992) (the federal Americans with Disabilities Act may preempt provisions of the Texas Workers' Compensation Act dealing with pre-employment inquiries about prior workers' compensation claims in certain circumstances). For the reasons stated above, we believe that these provisions only require the commission to release information "in or derived from a claim file" which would otherwise be confidential under article 8308-2.31(a). We further note that the pre-employment check provisions only require the commission to release information in the following circumstances: "If the commission finds that the applicant has made two or more *general injury claims* in the preceding five years, the commission shall release the date and description of each injury to the employer." V.T.C.S. art. 8308-2.34(b) (emphasis added). We believe that these provisions require the commission to release only information about injuries upon which general injury claims have been made. Thus, we conclude that the commission is not required to release information about NLT injuries as part of pre-employment checks, unless an applicant has made a general injury claim based on the NLT injury and the requirements of articles 8308-2.33 and 8308-2.34 have otherwise been met.

You next ask whether NLT injury information is subject to disclosure under the Open Records Act. You suggest that NLT injury information is confidential under article 8308-2.31(a) and therefore excepted from disclosure under section 3(a)(1) of the Open Records Act.[4] We disagree. As noted above, article 8308-2.31(a) applies solely to "[i]nformation in or derived from a claim file," and an injury report filed under article 8308-5.05 is not a claim. The language of a confidentiality statute controls the scope of the protection. Open Records Decision No. 478 (1987). Information about NLT injuries is not confidential under article 8308-2.31(a) unless it is in or derived from a claim file. We understand that employees do not generally file claims for NLT injuries, and that therefore information about NLT injuries will not generally be "in or derived from a claim

---

[4]Section 3(a)(1) of the Open Records Act excepts from disclosure "information deemed confidential by law, either Constitutional, statutory, or by judicial decision."

file" and subject to protection from disclosure under article 8308-2.31(a). Thus, NLT injury information will not generally be protected under article 8308-2.31(a).[5]

This is not the end of our analysis, however, because section 3(a)(1) of the Open Records Act exempts from disclosure not only information which is confidential by statute, but also information which is confidential by virtue of the United States and Texas Constitutions or by judicial decision. Section 3(a)(1) has been held to apply to information the disclosure of which would result in an invasion of privacy under the common law. *See Industrial Found. of the South v. Texas Indus. Accident Bd.*, 540 S.W.2d 668, 682-86 (Tex. 1976), *cert. denied*, 430 U.S. 931 (1977). As the Texas Supreme Court recognized in *Industrial Foundation*, however, whether disclosure of information about a particular on-the-job injury would constitute an invasion of privacy must be resolved on a case by case basis. *See id.* at 683-86; Open Records Decision Nos. 478 (not all medically-related information is protected by section 3(a)(1)); 370 (1983) (same). Thus, whether information about particular NLT injuries is protected under the common-law privacy doctrine must be determined on an individual basis.

Finally, you ask whether the commission may charge a fee for costs it incurs in providing access to microfilmed NLT injury information. Section 9(b) of the Open Records Act authorizes governmental bodies to charge fees for the cost of providing access to nonstandard sized records and records such as microfilm in consultation with the General Services Commission: "The costs of providing the record shall be in an amount that reasonably includes all costs related to providing the record, including costs of materials, labor, and overhead." V.T.C.S. art. 6252-17a, § 9(b); *see also* 1 T.A.C. § 111.63 (setting forth procedures for consultation between governmental bodies and General Services Commission regarding charges for access to nonstandard sized records, including microfilm). The commission may charge a fee for providing access to its microfilmed NLT injury information in accordance with section 9(b) of the Open Records Act and the rules promulgated by the General Services Commission. In the unusual case that NLT injury information is "in or derived from a claim file," and thus confidential and subject to release only pursuant to a record check or pre-employment check under the act, the commission may charge a "reasonable fee" pursuant to article 8308-2.39.

---

[5]Of course, information about an NLT injury which *is* "in or derived from a claim file" will be confidential.

# SUMMARY

Although the Texas Workers' Compensation Commission is not required to collect or maintain information about "no lost time" ("NLT") injuries, it cannot destroy such information already in its possession unless it follows the procedures set out in sections 441.031 through 441.062 of the Government Code. The commission is not required to release information about NLT injuries as part of record checks, unless a claim for the injury has been made and the conditions of article 8308-2.31(c) and (d) have otherwise been met, nor is it required to release such information as part of pre-employment checks, unless an applicant has made a general injury claim based on the NLT injury and the requirements of articles 8308-2.33 and 8308-2.34 have otherwise been met.

Information about NLT injuries is not confidential under article 8308-2.31(a) as incorporated into section 3(a)(1) of the Open Records Act unless it is in or derived from a claim file. Whether information about particular NLT injuries is protected under the common-law privacy doctrine as incorporated into section 3(a)(1) of the Open Records Act must be determined on an individual basis. The commission may charge a fee for costs incurred in providing access to microfilmed NLT injury information in accordance with section 9(b) of the Open Records Act and the rules promulgated by the General Services Commission. The commission may charge a reasonable fee for NLT injury information released as part of a record check or pre-employment check pursuant to article 8308-2.39.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General