Marie E. LOWE, Appellant,

v.

PACIFIC EMPLOYERS INDEMNITY
COMPANY, now Ina of
Texas, Appellee.

No. 19254.

Court of Civil Appeals of Texas,
Dallas.

Oct. 5, 1977.

Rehearing Denied Nov. 3, 1977.

Robert Bean, Bean, Francis, Ford & Willis, Dallas, for appellant.

Thornton Hardie, III, Thompson, Knight, Simmons & Bullion, Dallas, for appellee.

AKIN, Justice.

This is an appeal from a summary judgment granted by the trial court to the compensation carrier. The issue presented is whether failure of the employer to give notice of an injury to the Industrial Accident Board prevents the commencement of the six-month period in which she must file her claim as required by article 8307, section 4a, Tex.Rev.Civ.Stat.Ann. (Vernon 1967). If this be true, her claim would not be barred. We hold, however, that her employer had no duty under section 7[1] to file a report and that section 7a, Tex.Rev.Civ.Stat.Ann. (Vernon Supp.1977) applies only when a report is required to be filed under section 7. Accordingly, we affirm.

Appellant Marie Lowe filed suit against appellee Pacific Employers Indemnity Company, her employer's compensation carrier, seeking to recover workmen's compensation benefits. In March of 1974 appellant, while on the job, slipped on some ice, fell, and hurt herself. She informed the assistant manager on that same day that she had fallen and hurt her back, but missed no work until some five months later. Her employer did not file a report of the accident with the Industrial Accident Board.

---

1. All references are to article 8307, Tex.Rev.Civ.Stat.Ann. (Vernon 1967) unless otherwise noted.

Several months after the fall, she began experiencing lower back pain and in October of 1974 sought medical advice. In November of that year she underwent back surgery. Appellant filed her first notice of injury and claim for compensation with the Industrial Accident Board on February 11, 1976, which was beyond the six-month period set forth in section 4a. The claim was denied by the Board on June 1, 1976, and appellant brought this action. Appellee then filed a motion for summary judgment alleging that the pleadings, deposition, and other documents on file established as a matter of law that appellant's claim for compensation was not timely filed with the Industrial Accident Board and that good cause for failure to file was not present. Summary judgment was granted.

Appellant argues that since she gave notice to her employer of her injury immediately after it occurred as required by section 4a and since the employer failed to file a notice of injury as required by section 7, the six-month limitation period set forth in section 4a never commenced to run because of the tolling provision of section 7a. Thus, she asserts that her claim is not barred by late filing with the Industrial Accident Board. She concedes that good cause for late filing under section 4a is not an issue and, indeed, the record negates, as a matter of law, a finding of good cause.

Appellee concedes in oral argument that the notice given her employer was sufficient to comply with the notice requirement of section 4a, but, nevertheless, contends appellant's claim is barred because she failed to file her claim for compensation within the six-month period required by section 4a. In this respect, appellee contends that the employer was not required to file a first report of the injury under section 7 because appellant missed no time from work, and, thus, section 7a is inapplicable because it pertains only to when an employer is required to file a report under section 7. We agree with appellee.

Article 8307, section 4a, provides:

Unless the Association or subscriber have notice of the injury, no proceeding for compensation for injury under this law shall be maintained unless a notice of the injury shall have been given to the Association or subscriber within thirty (30) days after the happening of an injury or the first distinct manifestation of an occupational disease, and *unless a claim for compensation with respect to such injury shall have been made within six (6) months after the occurrence of the injury . . .* [Emphasis added].

As we read this section, it requires a claimant to do two things as a predicate for pursuing a claim: (1) give notice of the injury within thirty days following the injury; *and* (2) file a claim for compensation on such injury within six months after the injury occurred. As noted, *supra,* appellee concedes compliance with the first requirement. Our question, then, is whether the employer was required to give written notice to the Industrial Accident Board under section 7.

■ Section 7, entitled "Record of injuries; reports," states:

Every subscriber shall hereafter keep a record of all injuries, fatal or otherwise, sustained by his employees in the course of their employment. Within eight (8) days after the occurrence of an accident resulting in an injury to an employee, causing his absence from work for more than one (1) day, or within eight (8) days after the employee notifies the employer of a definite manifestation of an occupational disease, a written report thereof shall be made to the Board on blanks to be procured from the Board for that purpose. . . .

We conclude that under section 7 an employer is not required to file a report with the Board unless the employee has been absent from work for more than one day out of the first eight days after the accident. Under this section, in the case of an accidental injury, as distinguished from an occupational disease, the time for filing the report runs from the date of the injury rather than from receipt of notice. The employer is required to file such a report "within eight days after the occurrence of

an accident resulting in an injury to an employee," but before such a report is required, the injury must be one "causing his absence from work for more than one day." No provision is made for a report if the employee is not absent from work until after the expiration of the eight-day period. Apparently the legislative intent was to limit the required reports to accidents which appear from the beginning to be sufficiently serious that a claim may be anticipated. Consequently, this section by this requirement contemplates a report only when the injury is such that there is a reasonably potential compensable injury.

Since the employer is not required to file a report unless the employee has been absent from work within eight days after the accident under section 7, does the lack of such a report toll the six-month period allowed by section 4a for filing the claim? We conclude that it does not. Section 7a, entitled "Failure to file report; limitation on filing of claim," provides:

> Where the association or subscriber has been given notice or the association or subscriber has knowledge of an injury or death of an employee and *fails, neglects, or refuses to file a report thereof as required by the provisions of Section 7 of this Article*, the limitation in Section 4a of this Article in respect to the filing of a claim for compensation shall not begin to run against the claim of the injured employee or his dependents entitled to compensation, or in favor of either the association or subscriber *until such report shall have been furnished as required by Section 7 of this Article.* [Emphasis added]

Appellant argues that since her employer had received notice of her injury and had not filed a report of the injury under section 7, the six-month limitation period in section 4a never commenced running. Thus, she asserts that her claim filed on February 11, 1976, would be timely and that the question of whether good cause existed for failure to file timely is immaterial. We cannot agree. We hold that section 7a applies only when the employer "fails, neglects, or refuses to file a report thereof, as required by the provisions of Section 7." An employer cannot be said to have failed,

neglected, or refused to file such a report if he had no duty under section 7 to do so. Since, in this case, it is undisputed that appellant lost no time from work until several months after her injury, her employer had no duty to file a report under section 7. It follows, therefore, that the provision in section 7a tolling the six-month period is inapplicable. Consequently, appellant's claim is barred by the six-month limitation period set forth in section 4a.

The six months limitation provided by section 4a serves the same function of all statutes of limitations, that is, to prevent litigation of stale claims and to provide for investigation when all matters surrounding the accident and the accident itself are fresh in the minds of all parties. The harshness of the short limitation period is alleviated by the good-cause proviso for late filing. Thus, when an employee does not believe himself to be seriously injured or the injury is one that does not manifest itself until much later, the injured employee is not barred from filing his claim if he can establish good cause for late filing. He can gain no additional time, however, from his employer's failure to report the injury to the Board if the employer had no duty under section 7 to file such a report.

Affirmed.