**FIDELITY & CASUALTY COMPANY OF NEW YORK, Appellant,**

v.

**Horace MUSICK, Appellee.**

**No. 1102.**

Court of Civil Appeals of Texas, Tyler.

Feb. 9, 1978

Rehearing Denied March 3, 1978.

Frank G. Jones, Fulbright & Jaworski, Sim T. Lake, Houston, Gus Meriwether, Sallas, Meriwether & Renfro, Crockett, for appellant.

Richard W. Mithoff, Jamail & Kolius, Houston, for appellee.

DUNAGAN, Chief Justice.

This is an appeal from a workmen's compensation case in which judgment was rendered for the appellee, Horace Musick, against the appellant, Fidelity & Casualty Company of New York. The jury found the appellee to be totally and permanently disabled. This finding resulted in the appellee being awarded $24,200.55 in lump-sum disability benefits and $18,066.50 in accrued medical expenses.

The extent and duration of appellee's disability is not disputed by the appellant. The appellant raises five points of error, all of which concern whether the appellee was shown to be acting within the course and scope of his employment.

The appellee was employed as a truck driver for Permanent Concrete, Inc. The job site was near Greenville, Texas, and the appellee was hired to haul concrete river-weights to the job site. A crew of men was assigned by Permanent Concrete to this job site. The foreman and highest raking representative of Permanent Concrete on the site was Floyd Johnson.

The appellee's injury took place during a barbeque that was held on the appellee's land near Grapeland, Texas. The record reflects that Floyd Johnson suggested the barbeque and asked the appellee for permission to have the barbeque on his land. The appellee agreed to this and the party was held on a Saturday evening. Most of the employees were returning to Houston, and Grapeland was a convenient stop on the way from Greenville to Houston. Most of the employees working for Permanent Concrete, Inc., at the job site near Greenville attended this party. The appellee asserts that the foreman decided to have this barbeque on Saturday to encourage the men on the job site in Greenville to finish the job quickly. Whether the party itself was an activity within the course and scope of employment will be discussed later.

There was a need to dig a pit at the party site to aid in the preparation of the barbeque. The appellee and several other employees of Permanent Concrete, Inc., dug this pit on the afternoon of the party. The testimony showed that some company equipment was used in digging the pit. After completing the pit, the appellee and several other employees of Permanent Concrete, Inc., decided to go to a lake that was located on another piece of property near and adjacent to the appellee's property to "clean up." The testimony shows that the appellee drove his personal truck to the lake. No testimony is given in the record about the distance to this lake.

While at this lake, the appellee was injured while diving into the lake off of a diving board. The testimony is not clear about how many times the appellee dove off the board before he was injured.

The appellee argues that "cleaning up," swimming and diving into this lake are activities that could reasonably be expected to occur at such a gathering, and thus are activities that are within the orbit of the social or recreational activity in question.

The appellee relies upon *Clevenger v. Liberty Mutual Insurance Company,* 396 S.W.2d 174 (Tex.Civ.App.—Dallas 1965, writ ref'd n. r. e.), a case in which it was held that a fact issue existed concerning whether the employee was acting within the course of his employment. The appellee points our attention to the fact that no representative of the employer in *Clevenger* actually directed Mr. Clevenger to run after the baseball when he was injured. This argument overlooks the fact that Clevenger's boss took him by the arm and told him

he wanted him in the ballgame. A bulletin was published by the company announcing that a company picnic would be held at Sandy Lake Lodge and that a softball game would be played. Clevenger testified that when he got inside the picnic grounds he found that the company had a new automobile on display just inside the gate to the picnic grounds and under a little shed. "After looking at the new automobile he went to the ball park where people were playing softball." It is not clear whether this ball park was within the gate to the picnic grounds or not, but a reading of the case would seem to indicate that the ball park was within the gate to the picnic grounds. Certainly the ball park was within the confines of Sandy Lake Lodge where the bulletin published by the company contemplated that the activities would be held. We feel all those facts distinguish our case from the *Clevenger* case. In our case, there is no evidence that driving in a pickup to a neighbor's land and then diving into a lake was within the orbit of the social events contemplated to take place that day.

■ We realize that the normal deviation cases dealing with course of employment do not precisely apply here. See *Ranger Insurance Company v. Valerio*, 553 S.W.2d 682, 685 (Tex.Civ.App.—El Paso 1977, no writ); *Roberts v. Texas Employer's Insurance Association*, 461 S.W.2d 429 (Tex.Civ. App.—Waco 1970, writ ref'd). This was a social outing and an employee should not be held to have left the service of his employer while participating at a social event that is in the course of his employment. However, when an employee leaves this social event and goes upon another site and engages in a dangerous activity such as was the case here, we feel that the employee has deviated from the social event and is no longer acting in the course of his employment.

We have examined the evidence presented in this case about course of employment by viewing the evidence in its most favorable light in support of the fact finding, considering only the evidence and the inferences which support the finding, and rejecting the evidence and the inferences which are contrary to the finding. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965); *Cartwright v. Canode*, 106 Tex. 502, 171 S.W. 696 (1914).

■ In our opinion no evidence has been produced by the appellee to show that the injury suffered by the appellee while diving into the neighbor's lake was suffered while in the course of his employment. The testimony clearly shows that no representative of Permanent Concrete, Inc., directed the appellee to go onto his neighbor's land. The testimony reflects that the barbeque was to be held upon the appellee's land. The lake was of sufficient distance from the appellee's land that the appellee drove his own pickup truck to get to the lake. The fact that the injury was suffered away from the site of the party is, in our opinion, determinative in this case. Viewing the record we are presented with, we hold that as a matter of law the act of diving into the neighbor's pond was not an activity within the orbit of the social or recreational activity in question. We sustain appellant's points of error Nos. 1, 2 and 3 in that there is no evidence to support the jury's finding that the appellee was acting in the course of his employment.

It appears from viewing the entire record that there is a serious question whether the barbeque itself was an event within the course of the appellee's employment. Our previous holding that Mr. Musick's actions took him outside the course of employment as a matter of law renders any discussion of whether the actual barbeque was within the course of employment unnecessary.

We have not discussed the appellant's points of error relating to the insufficiency of the evidence to support the jury's finding dealing with course of employment, but if these points should be reached, we would hold that based upon a review of the entire record that the evidence is insufficient to support such finding.

The judgment of the trial court is reversed and judgment is rendered for the appellant.