**Fred MASUCCIO and Louise Masuccio, Statutory Beneficiaries of Laura Anette (Annette) Masuccio, Deceased, Appellants,**

v.

**The STANDARD FIRE INSURANCE COMPANY, Appellee.**

No. 04-88-00258-CV.

Court of Appeals of Texas,
San Antonio.

April 19, 1989.

Rehearing Denied May 16, 1989.

Virgil W. Yanta, Law Offices of Pat Maloney, P.C., Jeffery Pratt, Deece Eckstein, Kugle, Stewart, Dent & Frederick, San Antonio, for appellants.

Joe Meador, Christa Samaniega, San Antonio, for appellee.

Before REEVES, CHAPA and PEEPLES, JJ.

## OPINION

CHAPA, Justice.

This is an appeal from a summary judgment granted in a worker's compensation case. The pivotal question presented before this court involves the interpretation of TEX.REV.CIV.STAT.ANN. art. 8307, § 4a, in conjunction with TEX.REV.CIV. STAT.ANN. art. 8307, § 7 and § 7a. We reverse and remand for a trial on the merits.

Fred and Louise Masuccio brought suit as beneficiaries of their daughter, Laura Annette Masuccio, to set aside a finding by the Texas Industrial Accident Board that Laura was not acting within the course and scope of her employment at the time of her death. The Masuccios filed suit in district court 22 months after Laura's fatal injury against appellee The Standard Fire Insurance Company. We must decide whether the trial court acted properly in granting appellee's motion for summary judgment based on appellant's failure to file its Notice of Fatal Injury and Claim for Compensation of Death within the statutory one year period required by TEX.REV.CIV. STAT.ANN. art. 8307, § 4a (Vernon 1988).[1]

Laura Masuccio was employed by Figure World, Inc. in San Marcos, Texas. On December 5, 1983, she attended a business meeting related to her employment in San Antonio, Texas, that adjourned at 10:15 p.m. At approximately 3:00 a.m. on December 6, 1983, prior to returning home to New Braunfels, she was involved in a fatal automobile accident on State Highway 16 near San Geronimo, Texas. In July, 1985, appellants filed their claim for workers' compensation benefits with the Industrial Accident Board. The Board subsequently found that the evidence failed to establish that the deceased was within the course and scope of her employment at the time of her death. Appellants then filed suit to set aside the Board's finding. Appellees moved for summary judgment based on appellant's failure to timely file their claim in accordance with § 4a. The trial court granted appellee's motion and this appeal ensued.

Section 4a requires that a claim for compensation be filed within one year after the death of the employee. Generally, a claimant or beneficiary who fails to comply with the statute is barred from further recovery. *See Lee v. Houston Fire and Casualty Ins. Co.,* 530 S.W.2d 294, 295–96 (Tex.1975). However, the Texas Workers' Compensation Act affords a claimant, in cases of noncompliance, two alternatives: (1) the finding of "good cause" in meritorious cases which would operate to waive strict compliance with the one year requirement and, (2) the tolling of the one year limitation period until the employer files a Section 7 Report of Injury with the Industrial Accident Board, which in this case was filed by appellee on February 28, 1986.

---

**1.** The 1983 amendment of § 4a extended the time for filing a claim for compensation with respect to injury from six months to one year.

Appellants advance both of these theories in their contention that the trial court erred in granting summary judgment. We will address the consequences of the tolling provisions of § 7a which is dispositive of this case. TEX.R.APP.P. 90(a).

Article 8307, § 7 provides in pertinent part:

> [E]very subscriber shall keep a record of all injuries, *fatal or otherwise*, sustained by his employees in the course of their employment. After the occurrence of an accident resulting in an injury to an employee, *causing his absence from work for more than one (1) day*, or after the employee notifies the employer of a definite manifestation of an occupational disease, a written report thereof shall be made within eight (8) days following the employee's absence from work and notice thereof to the employer or notice of manifestation of an occupational disease to the Board on blanks to be procured from the Board for that purpose. (Emphasis added.)

Under this section, in cases of accidental injuries, including fatal ones, the time for filing a report runs from the date of the injury rather than from receipt of notice. *See Lowe v. Pacific Employers' Indemnity Co.*, 559 S.W.2d 370, 371 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.). In *Lowe,* the court found that the legislative intent behind § 7 was to limit the required reports to accidents which appear from the outset to be sufficiently serious that a claim may be anticipated. *Id.* at 372. By requiring a report of injury to be made by an employer only in cases where the employee is injured "causing his absence from work for more than one day" the legislature contemplated that a report be made only in instances of a "reasonably potential compensable injury." *See Id.*

Section 7a requires that when the association or subscriber has knowledge of an injury or death of an employee and fails, neglects, or refuses to file a report as required by § 7, the limitation in § 4a, with respect to filing a claim for compensation, shall not begin to run against the claim of the employee or his dependents entitled to compensation until the report is furnished.

When read together, the effect of § 7a is to toll the time for filing a worker's or beneficiary's claim in cases where an employer's first report of injury is required under § 7. *See Smith v. Home Indemnity,* 683 S.W.2d 559, 564–65 (Tex.App.—Fort Worth 1985, no writ).

■ When Laura Masuccio did not return to work as a result of the fatal injuries, it became incumbent upon her employer to file a § 7 report with the Board if there was a reasonable expectation of a claim for compensation. Appellee circularly argues that because the Industrial Accident Board later found that the deceased was not acting within the course and scope of her employment at the time of her death, it had no duty to file a report in the first instance. This contention is without merit. Appellee mistakenly assumes that because of the Industrial Accident Board's finding, it acted properly in not notifying the Board of Laura Masuccio's fatal injury, because it was not, in their view, a potentially compensable injury. We do not read *Lowe* and its progeny to grant an employer the unilateral final authority of deciding which injuries are potentially compensable. If the employer has such authority, there is not need for § 7a, which tolls the provisions of § 4a. Because the legislature anticipated that some employers might not always follow the requirements of § 7, they provided the protections to the employees under § 7a. Further, whether an employee is in the course of employment is ordinarily a question of fact for the jury to decide, and each case must turn on its own particular facts. *North River Insurance Co. v. Purdy,* 733 S.W.2d 630 (Tex.App.—San Antonio 1987, no writ); *Standard Fire Insurance Company v. Rodriguez,* 645 S.W.2d 534, 540 (Tex.App.—San Antonio 1982, writ ref'd n.r.e.).

■ The rationale behind the decision in *Lowe* was that because the legislature required a report to be filed in situations where an injury causes the employee to be absent from work for more than one day within the eight day period after the acci-

dent, under normal circumstances, the injury should be considered sufficiently serious so as to anticipate a claim for compensation.[2] Here, Laura Masuccio never returned to work after the accident. Her death, which occurred on a business trip associated with her employment, was sufficiently serious so as to reasonably anticipate a claim for compensation, although a valid fact question existed as to course and scope of employment.[3] Simply because the Board found in a later proceeding that Masuccio's fatal injury was not compensable does not warrant prior noncompliance by the employer with § 7. The employer here had the duty to file the report and the failure to do so triggered the application of § 7a which tolled § 4a.

■ The dissent asserts that as a matter of law, Laura Masuccio was not in the course and scope of her employment when she died in the accident. In so doing, the dissent acknowledges (1) that Laura Masuccio lived in New Braunfels and worked in San Marcos; (2) that she was on a business trip to San Antonio on behalf of her employer the night of the accident; (3) that the fatal accident took place before she returned to her home in New Braunfels; and (4) that although the meeting officially adjourned at 10:15 p.m. in San Antonio, it is unknown from the record what she did until the time of the accident. These circumstances, acknowledged by the dissent, raise a valid fact question as to scope and course of employment which should be decided by a jury. *Standard Fire Ins. Co., supra.*

To justify a finding as a matter of law that Laura Masuccio was not in the scope and course of her employment when she died, a number of impermissible assumptions must be made. It must be assumed that she did nothing during the time the meeting officially adjourned until the time of her death that would form a basis for finding that she was in the scope and course of her employment when she died. Although the possibility exists that a jury may eventually find that she was not in the course of her employment when she died, this record simply does not provide all the facts to justify finding, as a matter of law, that Laura Masuccio was not in the course of her employment at the time of her death.

To sustain a summary judgment before this Court, appellee is required to show that no issue of fact exists. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979); *Fillion v. David Silvers Co.,* 709 S.W.2d 240, 246 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). However, because we find that § 4 is tolled and that an issue of fact concerning course and scope of employment exists, appellee has failed in his burden, and the summary judgment must be reversed.

The judgment of the trial court is reversed and the cause is remanded for a trial on the merits.

PEEPLES, Justice, dissenting.

This case reduces to one question: whether the summary judgment evidence shows as a matter of law that Laura Masuccio was not in the course and scope of

---

**2.** "We conclude that under Section 7 an employer is not required to file a report with the Board unless the employee has been absent from work for more than one day out of the first eight days after the accident." *Lowe, supra* at 371.

**3.** The dissent relies on *Fidelity & Casualty Co. v. Musick,* 562 S.W.2d 38 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.), and *Hardware Mutual Casualty Co. v. McDonald,* 502 S.W.2d 602 (Tex. Civ.App.—San Antonio 1973, writ ref'd n.r.e.), for the proposition that an employee on a business trip who departs from furthering the employer's business and embarks on a personal mission is not in the course of employment. This basic principle is not disputed. These

cases, however, are not in point. Both cases were appealed from a jury finding of course and scope of employment in which the appellate court found that there was no evidence to support this finding. In so doing, both courts had before them an entire record of facts and, after viewing the jury finding in its most favorable light, found that no evidence existed to support the finding. In the case before us, we have no evidence to conclude summarily and speculatively, as would the dissent, that Laura Masuccio was not, in furtherance of her employer's business and on a "personal mission." This finding should properly be left within the province of the fact-finder, who is normally the jury. *Standard Fire Ins. Co., supra.*

her employment when she died in a one-car automobile accident at 3:00 a.m. I would hold that course of employment was refuted by the undisputed evidence that Laura had left a business meeting 4 hours and 45 minutes before the 3:00 a.m. wreck, and she was on a highway traveling toward San Antonio and not in the direction of her home in New Braunfels.

The course and scope question arises in the following context. The carrier moved for summary judgment on the ground that plaintiffs' claim was not timely filed. Plaintiffs had pleaded that the filing period was tolled by the employer's failure to file a report of injury or death. Plaintiffs' response to the carrier's motion said that the time period was tolled because no report had been filed which article 8307, § 7 required. Under these circumstances, the carrier had the burden to negate plaintiffs' tolling argument—including course of employment—as a matter of law. *Zale Corp. v. Rosenbaum,* 520 S.W.2d 889, 891 (Tex. 1975) (summary judgment movant who urges limitations must negate nonmovant's contention that limitations period was tolled and did not run).

Article 8307, § 4 requires claimants to file a notice of claim within one year of the injury or death. Laura died on December 5, 1983, and the claim was filed in September of 1985, more than one year after her death. Plaintiffs contend the filing period was tolled in this case. Article 8307, § 7 requires employers to file a report when an employee is injured or killed in the course and scope of employment, and section 7a tolls the one-year limitation period of section 4 until the section 7 report is filed. Laura's employer did not file a report until after the plaintiffs filed their notice and lawsuit. Thus, if the employer had a duty to file a section 7 report, the limitation period was tolled, plaintiffs filed their no-

tice on time, and the summary judgment was erroneous.

But section 7 requires employers to file reports *only when the injury occurred in the course and scope of employment.* The law does not require the many employers in Texas to file reports when their employees are injured or killed on their own personal time. Section 7(a) states, "Every subscriber shall keep a record of all injuries, fatal or otherwise, sustained by his employees *in the course of their employment.*" (emphasis added). Section 7(b) requires the report to state, among other things, "the character of the work in which he was engaged at the time of the injury." Thus the question in this case is whether as a matter of law Laura was outside the course of her employment, because if she was, no report was necessary, section 4's one-year notice period was not tolled, the claim was filed late, and the summary judgment was proper.[1] When an employee on a business trip departs from furthering the employer's business and is injured on a personal mission, the injury is not in the course of employment. *Fidelity & Casualty Co. v. Musick,* 562 S.W.2d 38, 40 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.); *Hardware Mutual Casualty Co. v. McDonald,* 502 S.W.2d 602, 604 (Tex.Civ. App.—San Antonio 1973, writ ref'd n.r.e.).

Laura lived in New Braunfels and worked and attended college in San Marcos. Both cities are located northeast of San Antonio on Interstate 35. On Monday, December 5, 1983, Laura attended a work-related meeting in San Antonio. She left that meeting at 10:15 p.m. and went with a co-employee to an establishment referred to in the record as "TGIF's." The record does not show what she did for the next several hours, but at 3:00 a.m. on December 6, 1983, she died in a one-car accident, headed south on Highway 16 in Medina County, when her car left the road and hit

1. Plaintiffs pleaded two grounds in defense of their late filing of notice: (1) that the one-year time period was tolled by the employer's failure to file a notice of claim, and (2) that they had good cause for failure to file on time. The tolling theory is discussed in the text. The good cause theory is also without merit. Plaintiffs had the burden to raise a fact issue on the question of good cause. *City of Houston v.*

*Clear Creek Basin Authority,* 589 S.W.2d 671, 678–79 (Tex.1979); *Yates v. Equitable General Ins. Co.,* 672 S.W.2d 822, 825 (Tex.App.—Houston [1st Dist.]), *aff'd,* 684 S.W.2d 669 (Tex. 1984). Plaintiffs have not pointed out any evidence in the summary judgment record that raises a fact issue on good cause, and my review of the record, including Mr. Masuccio's deposition, reveals none.

a tree. At the time of the accident, she was proceeding from northwest to southeast, headed *toward* San Antonio. New Braunfels lies 35 miles to the *northeast* of San Antonio. If the accident had happened while she drove to the meeting or from the meeting toward her home in New Braunfels, we would have a totally different course and scope question because it was the business meeting that put her on the road in the first place. But she did not go home from the meeting at 10:15 p.m., and even at 3:00 a.m., when the accident happened, she was not headed toward her home in New Braunfels.

In summary, I would hold that the following undisputed facts establish as a matter of law that Laura Masuccio was not in the course of her employment when she died in the automobile wreck:

1. She attended a business meeting in San Antonio, which she left at 10:15 p.m., proceeding directly to TGIF's.

2. To return home to New Braunfels, she would have driven 35 miles to the *northeast* on Interstate 35.

3. She died at 3:00 a.m.—four hours and forty-five minutes after she left the meeting—headed *southeast* on State Highway 16 from Bandera toward San Antonio.

I respectfully dissent from the majority's holding that these uncontradicted facts do not negate course and scope of employment as a matter of law.