**CUDDIHY CORPORATION, Appellant,**

v.

**Wes PLUMMER and Plummer Consulting Service, Inc., Appellees.**

No. 13–92–565–CV.

Court of Appeals of Texas, Corpus Christi.

March 10, 1994.

Rehearing Overruled April 28, 1994.

Lev Hunt, Hunt, Hermansen, McKibben & Barger, Corpus Christi, for appellant.

Charlotte G. Tripp, Lee Casstevens, Gregory T. Perkes, Wood, Burney, Cohn & Viles, Corpus Christi, for appellees.

Before DORSEY and KENNEDY, JJ., and FORTUNATO P. BENAVIDES,[1] Assigned Justice.

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas Pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1988).

2. The order granting summary judgment is entitled "Final Judgment" and recites that the Motion for summary judgment of the defendants

## OPINION ON MOTIONS FOR REHEARING

DORSEY, Justice.

Two motions for rehearing have been filed: one by appellant Cuddihy Corporation and one by cross-appellant Wes Plummer, individually. We overrule Cuddihy Corporation's Motion for Rehearing, but grant Plummer's. Upon reconsideration of Plummer's points of error, we withdraw part of our opinion and substitute the following on his cross-appeal.

Cross-appellant, Plummer, appeals from the granting of summary judgment against him on his claims against Tennessee Pipeline Construction Company (Tennessee). The summary judgment was interlocutory[2] and became final and appealable only when it merged with the final judgment after the trial of Plummer Consulting Service Inc.'s claims against Cuddihy. Plummer complains that the summary judgment was erroneously granted as to Tennessee only.

Tennessee and Cuddihy filed a motion for summary judgment against Wes Plummer, individually, on August 27, 1990, after this case had once been tried and resulted in a mistrial. Depositions had been taken pre-trial and at least some of them were on file with the court at the time of the summary judgment. Tennessee's motion listed two grounds: that Plummer's suit was brought outside of the applicable two year statute of limitations for oral contracts, and that the suit was barred by the Statute of Frauds. Nothing was attached to the motion by way of proof.

Plummer filed a response alleging that the movant had failed in its proof and also attacking the movant's entitlement to summary judgment. The summary judgment was granted on December 3, 1990.

■ Tennessee claims that Plummer waived any error in the granting of the sum-

Tennessee Pipeline Construction Company and Cuddihy Corporation shall be granted and that "Plaintiff Wes Plummer take nothing of and from Defendants Tennessee Pipeline Construction Company and Cuddihy Corporation." The judgment was signed December 3, 1990.

mary judgment because Plummer Consulting (a separate legal entity) filed an amended petition after the granting of the summary judgment which did not include Plummer's individual claims against Tennessee. We disagree. The general rule that amended pleadings supersede prior pleadings and that a party left out of an amended pleading is dismissed is not applicable here. Here there are two independent plaintiffs. The pleading of one plaintiff cannot dismiss the claims of a wholly separate plaintiff. *DeNina v. Bammel Forest Civic Club, Inc.*, 712 S.W.2d 195, 197 (Tex.App—Houston [14th Dist.] 1986, no writ). We hold that no waiver of the right to complain of the granting of summary judgment occurred and we review cross-appellant's appeal on the merits.

We review the granting of a summary judgment to determine whether the summary judgment proof establishes as a matter of law that there is no genuine issue of a material fact. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). The movant has the burden to prove his entitlement to summary judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985); *E.B. Smith & Co. v. U.S. Fidelity & Guaranty Co.*, 850 S.W.2d 621, 624 (Tex.App.—Corpus Christi 1993, writ denied). A defendant may obtain summary judgment if he can negate a necessary element of the plaintiff's case or if he can prove all of the elements of his own affirmative defense. *Swilley v. Hughes*, 488 S.W.2d 64, 66 (Tex.1972).

█ Both the statute of frauds and the statute of limitations are affirmative defenses which must be pled. Tex.R.Civ.P. 94. Raising the affirmative defense in the summary judgment motion alone is not sufficient. *DeBord v. Muller*, 446 S.W.2d 299, 301 (Tex. 1969). However, if the movant fails to plead the affirmative defense and his failure is not objected to, summary judgment may be proper. *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 494–95 (Tex.1991). Defen-

dants' amended answer, filed April 25, 1989, contained a general denial and asserted the statute of frauds; it did not plead limitations as a defense. The defendants' did not amend their pleadings again until 1992. Plummer's response to Tennessee's motion complained of Tennessee's failure to plead the statute of limitations. Thus, summary judgment on the statute of limitations was improper because the defendants failed to plead their affirmative defense prior to summary judgment.

The summary judgment was granted generally, therefore it will be upheld if there is any basis on which to do so that is raised by the motion. *State Farm Fire & Casualty Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex.1993). Because the defense of statute of frauds was pled, we determine whether that ground will support summary judgment.

The burden in summary judgment proceedings is on the movant, and all inferences will be resolved in favor of the non-movant. *Nixon*, 690 S.W.2d at 548–49. In this case, the movant pled the statute of frauds but attached no proof. Pleadings are not summary judgment evidence. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). The rule regarding summary judgment proof provides that the

> judgment sought shall be rendered forthwith if (i) the deposition transcripts, interrogatory answers, and other discovery responses referenced or set forth in the motion or response, and (ii) the pleadings, admissions, affidavits, stipulations of the parties, and authenticated or certified public records, if any, on file at the time of the hearing ... show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion.[3]

Tex.R.Civ.P. 166a(c). Tennessee's motion referred generically to "uncontroverted testi-

---

**3.** 1990 version of 166a(c). The rule was amended effective September 1, 1990, to add 166a(d) which provides:

> Discovery products not on file with the clerk may be used as summary judgment evidence if copies of the materials, appendices containing

the evidence, or a notice containing specific references to the discovery or specific references to other instruments, are filed and served on all parties together with a statement of intent to use the specified discovery as summary judgment proof.... Tex.R.Civ.P. 166a(d).

mony" that the plaintiff was an employee at will and that his oral contract could not be performed within a year. The statute of frauds bars enforcement of agreements which are not to be performed within one year of the making of the agreement. TEX. BUS. & COM.CODE ANN. § 26.01 (Vernon 1987). In this case it is not the employment agreement that is at issue, but whether the claimed agreement to defer Plummer's compensation until business got better is unenforceable because it was not in writing. The issue is whether the alleged contract could have been performed within a year. *See Niday v. Niday,* 643 S.W.2d 919, 920 (Tex. 1982) (where the agreement, by its terms *or by the nature of the required acts,* cannot be completed within one year, it falls within statute) (emphasis in original); *Miller v. Riata Cadillac Co.,* 517 S.W.2d 773, 775 (Tex. 1974) ("If a contract can, from the terms of the agreement, be performed within one year it is not within the Statute of Frauds."); *Morgan v. Jack Brown Cleaners,* 764 S.W.2d 825, 827 (Tex.App.—Austin 1989, writ denied) (statute of frauds only bars contracts that must last longer than a year).

We assume, without deciding, that Rule 166a(c) permitted the movant to rely on proof filed with the court at the time of the hearing even though the motion did not specify the depositions which supported its position. The parties agree that the depositions of Wes Plummer, Jackie Adair and T.V. Shockley were on file at the time of the hearing. The transcript does not reflect whether there were any discovery responses on file. There is no transcription of any trial testimony. The only evidence available to the court was contained in the three depositions. We may consider only the evidence before the trial court on the date of hearing. *Gandara v. Novasad,* 752 S.W.2d 740, 743 (Tex.App.—Corpus Christi 1988, no writ). Neither Shockley's deposition nor Adair's deposition detail the alleged agreement between Plummer and Adair on the issue of whether Plummer's salary was to be cut or merely deferred, and if deferred till when. Mrs. Adair testified that when Plummer was hired, there was no discussion of employment for a term of years and she understood the employment to be terminable at the will of either party.[4] Plummer described his understanding of the agreement, which was that the difference between his original salary and his reduced salary would be paid to him when business improved. His testimony does not indicate a date on which he and Mr. Adair expected business to improve. The movant adduced no evidence that business could not improve within a year. There was no evidence to support the affirmative defense of statute of frauds.

In the absence of competent summary judgment *proof* by the movant, no burden shifts to the non-movant. *Clear Creek Basin Auth.,* 589 S.W.2d at 678. In this case, the non-movant filed a response which pointed out deficiencies in the movant's proof, additionally the non-movant filed an affidavit by Plummer which stated that he did not know, and no discussion occurred about when business was expected to improve. "A deposition does not have controlling effect over an affidavit in a summary judgment case." *Allen v. Roddis Lumber and Veneer Co.,* 796 S.W.2d 758, 760 (Tex.App.—Corpus Christi 1990, writ denied) (citing *Randall v. Dallas Power & Light Co.,* 752 S.W.2d 4, 5 (Tex.1988)). If conflicting inferences may be drawn from the deposition and an affidavit, a fact issue is created. *Randall,* 752 S.W.2d at 5. Movant has not established his entitlement to summary judgment as a matter of law.

We therefore GRANT Cross-appellant Wes Plummer's Motion for Rehearing, REVERSE the summary judgment against him in favor of Tennessee Pipeline Construction Corporation and REMAND his claims against Tennessee Pipeline for trial. Appel-

4. Mrs. Adair also said that she was not present during any conversations between her husband and Plummer about salary cuts, although she was aware that his salary was reduced. Mrs. Adair testified about the nature of the employment relationship generally, "when you hire somebody. They go to work for you. If they do a good job they stay. If they don't, you fire them." She agreed in response to a question that the employment was not for a term of years and went on to say that a contract for a term of years was not discussed.

lant Cuddihy Corporation's Motion for Re-
hearing is OVERRULED.

FORTUNATO P. BENAVIDES, J., not
participating.