Kym BOMAR, et al., Appellants,

v.

WALLS REGIONAL HOSPITAL,
A Texas Corporation, et al.,
Appellees.

No. 10–97–335–CV.

Court of Appeals of Texas,
Waco.

Dec. 9, 1998.

Jim Claunch, The Jim Claunch Law Firm, Fort Worth, for appellant.

Dan M. Boulware, MacLean & Boulware, Cleburne, Jonathan Nelson, Broude, Nelson & Harrington, Fort Worth, Robert B. Wagstaff, Abilene, Kent R. Smith, Jackson & Walker, L.L.P., Fort Worth, for appellee.

Before Chief Justice DAVIS, Justice CUMMINGS and Justice VANCE.

## OPINION

DAVIS, Chief J.

This is an appeal from the trial court's order granting summary judgment in favor of the Appellee, Walls Regional Hospital. Appellants present two issues in which they claim that the trial court erred when it granted summary judgment because: (1) the exclusivity provision of the Texas Workers' Compensation Act does not pre-empt their claims against the hospital and (2) the hospital is liable to the plaintiffs under the doctrine of negligent hiring. We will reverse

the order of the trial court and remand this cause for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

The plaintiffs were nurses employed by the defendant, Walls Regional Hospital. They claim that Dr. George Boyett, a doctor to whom the hospital granted staffing privileges, sexually harassed them on numerous occasions.[1] They claim that they told their supervisors many times about Dr. Boyett's actions, yet Dr. Boyett's harassment continued. The plaintiffs sued the hospital alleging that it: (1) failed to keep the workplace safe; (2) negligently hired Dr. Boyett; and (3) negligently credentialed Dr. Boyett.

The hospital moved for summary judgment on the grounds that: (1) there is no evidence of malice by the hospital when it credentialed Dr. Boyett as required by the Medical Practice Act[2] so the plaintiffs cannot recover under a negligent credentialing cause of action; and (2) it did not owe a duty to the plaintiffs, but assuming it did owe a duty to the plaintiffs, their injuries arose out of the course of their employment and are barred by the Texas Workers' Compensation Act. The court granted the hospital's summary judgment motion without specifying the grounds for its ruling.

The plaintiffs appealed the court's order. We originally dismissed their appeal for want of jurisdiction. The court's order granted summary judgment in favor of the hospital, but did not address the plaintiffs' claims against the remaining defendants. Thus, the hospital's summary judgment was interlocutory and not appealable. Subsequently, the plaintiffs severed their cause of action against the hospital from their claims against the remaining defendants. The plaintiffs then filed a motion to reinstate their appeal, which we granted. *See Bomar v. Walls Regional Hosp.*, 971 S.W.2d 670 (Tex.App.—Waco 1998, no pet. h.).

---

1. The plaintiffs did not bring a sexual harassment suit against the hospital under Title VII of the Federal Civil Rights Act of 1964 or the Texas Commission on Human Rights Act. *See* 42 U.S.C. § 2000e–2(a) (1994); Tex.Lab.Code Ann. § 21.051 (Vernon 1996).

2. Tex.Rev.Civ.Stat.Ann. Art. 4495b § 5.06(*l*), (m) (Vernon Supp.1999).

## SUMMARY JUDGMENT STANDARD OF REVIEW

The summary judgment movant bears the burden to prove that no genuine issue of material fact exists and that she is entitled to summary judgment as a matter of law. TEX. R.CIV.P. 166a(c); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex. 1985); *Delta Air Lines, Inc. v. Norris*, 949 S.W.2d 422, 425 (Tex.App.—Waco 1997, writ denied). If the movant is the defendant, she must conclusively negate at least one of the elements of the non-movant's cause of action or conclusively establish every element of her affirmative defense. *Kinnard v. Circle K Stores, Inc.*, 966 S.W.2d 613, 616 (Tex.App.—San Antonio 1998, no pet. h.). Even if the non-movant does not file a response and the motion for summary judgment is uncontroverted, the movant still retains the burden to prove that she is entitled to summary judgment as a matter of law. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); *Hubert v. Ill. State Assistance Comm'n*, 867 S.W.2d 160, 162 (Tex. App.—Houston [14th Dist.] 1993, no writ). Once the movant establishes a right to summary judgment, the burden then shifts to the non-movant to present issues that would preclude a summary judgment. *City of Houston*, 589 S.W.2d at 678; *Drennan v. Community Health Inv. Corp.*, 905 S.W.2d 811, 817 (Tex.App.—Amarillo 1995, writ denied).

When determining whether a material fact issue exists, we must accept as true all evidence favorable to the non-movant. *Nixon*, 690 S.W.2d at 548–49; *Delta Air Lines, Inc.*, 949 S.W.2d at 425. We must also resolve all doubts and indulge every reasonable inference in favor of the non-movant. *Nixon*, 690 S.W.2d at 549; *Delta Air Lines, Inc.*, 949 S.W.2d at 425. The purpose of a summary judgment proceeding is to determine if there are any questions of fact to be tried, not to try the cause by weighing the evidence or determining its credibility; or trying the cause by affidavit or deposition. *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929, 931 (1952); *Walls v. First State Bank of Miami*, 900 S.W.2d 117, 123 (Tex.App.—Amarillo 1995, writ denied). Summary judgment is not intended to deprive the litigants of their right to a full hearing on the merits of any real fact issue. *Kim v. State Farm Mut. Auto. Ins. Co.*, 966 S.W.2d 776, 778 (Tex. App.—Dallas 1998, no pet. h.).

If the trial court's order affirming the movant's summary judgment does not specify the grounds relied upon for its ruling, we will affirm the judgment if any of the grounds within the motion for summary judgment are meritorious. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex.1993); *Gardner v. Best Western Int'l*, 929 S.W.2d 474, 479 (Tex.App.—Texarkana 1996, writ denied).

## TEXAS WORKERS' COMPENSATION ACT

■ The plaintiffs' first issue claims that the trial court erred when it granted summary judgment in favor of the hospital because there is a question of material fact regarding whether their injuries occurred within the course of their employment. Therefore, the plaintiffs contend that the hospital is not entitled to summary judgment because it did not conclusively establish as a matter of law that their negligence claims are pre-empted by the Texas Workers' Compensation Act ("the Act").[3] They contend that Dr. Boyett's harassment was directed at them because of personal reasons and not because of their employment at the hospital. Therefore, Dr. Boyett's harassment fit within the "personal animosity" exception to the Act and they are free to bring their negligence claims against the hospital as independent rather than derivative actions.[4] *See Campbell v. Tex. Employers' Ins. Ass'n*, 920 S.W.2d 323, 328 (Tex.App.—Houston [1st Dist.] 1995, no writ); *Security Ins. Co. v. Nasser*, 755 S.W.2d 186, 190 (Tex.App.—Houston [14th Dist.] 1988, no writ).

---

3. TEX.LAB.CODE ANN. § 406.031(a) (Vernon 1996).

4. This provision states: "An insurance carrier is not liable for compensation if the injury arose out of an act of a third person intended to injure the employee because of a personal reason and not directed at the employee as an employee or because of the employment ." TEX.LAB.CODE ANN. § 406.032(1)(C) (Vernon 1996).

The hospital states that it conclusively established that the plaintiffs were injured within the course of their employment. Thus, the Act is the plaintiffs' exclusive remedy and precludes the plaintiffs' negligence claims brought outside the Act.[5]

■ The Act provides that the recovery of workers' compensation benefits is the exclusive remedy of an employee, covered by workers' compensation insurance, for injuries resulting from the employer's negligence or gross negligence, that are sustained *in the employee's course of employment.* TEX. LABOR CODE ANN. § 406.034(a) (Vernon 1996); *Larchmont Farms, Inc. v. Parra,* 941 S.W.2d 93, 95 (Tex.1997); *Rodriguez v. Naylor Indus., Inc.* 763 S.W.2d 411, 412 (Tex.1989). However, the Act does not exempt an employer from *common law liability* for intentional injuries that occur within the employee's course of employment. TEX.LAB.CODE ANN . § 406.032(1)(B) (Vernon 1996); *Horton v. Montgomery Ward & Co.,* 827 S.W.2d 361, 364 (Tex.App.—San Antonio 1992, writ denied). Also, the Act does not preclude an employee's common law liability claim against the employer if the employee's injury falls within the "personal animosity" exception of the Act. *See* TEX. LABOR CODE ANN. § 406.032(1)(C) (Vernon 1996).

■ We must first address whether the hospital conclusively established that the plaintiffs were injured within the course of their employment. If the plaintiffs' injuries did occur within the course of employment, the Act is the plaintiffs' exclusive remedy and they are precluded from bringing their negligence claims against the hospital outside the Act. If their injuries did not occur within the course of their employment, then the Act does not preclude their negligence claims.[6]

■ Whether an injury occurred within the course of employment is ordinarily a question of fact. *Trevino v. Kent County,* 936 S.W.2d 488, 492 (Tex.App.—Amarillo 1996, writ denied); *Campbell,* 920 S.W.2d at 327; *Shutters v. Domino's Pizza, Inc.,* 795 S.W.2d 800, 802 (Tex.App.—Tyler 1990, no writ); *Masuccio v. Standard Fire Ins. Co.,* 770 S.W.2d 854, 857 (Tex.App.—San Antonio 1989, no writ). An assault that occurs at work does not necessarily occur within the course of one's employment. *Mackey v. U.P. Enter., Inc.,* 935 S.W.2d 446, 452 (Tex.App.—Tyler 1996, no writ). The fact that a fellow employee is the assailant is not dispositive

---

**5.** The hospital claims that the Act's exclusivity provision precludes an employee from maintaining a tort cause of action against his employer, even if the tort the employee complains about is not one that is compensable under the Act. So it follows that the plaintiffs cannot bring their tort claims or any tort claims for that matter, against the hospital because of the Act's exclusivity provision. The hospital cites *McAlister v. Medina Elec. Coop., Inc.* for its proposition. 830 S.W.2d 659 (Tex.App.—San Antonio 1992, writ denied). However, in *McAlister,* unlike our case, both parties agreed that the injuries were within the course of employment. The dispute was, since the plaintiff's claims were not claims that the Act compensated, whether the claims were barred by the Act's exclusivity provision. The court held that the claims were barred because the Act was the exclusive remedy for injuries sustained in the course of employment, "even though the injury complained of may not be compensable under" the Act. *Id.* at 663. *McAlister* is distinguishable from our present case. Here, the plaintiffs are contesting whether their injuries were even sustained in the course of their employment, and thus within the Act's scope.

**6.** The hospital claims that even if the plaintiffs' injuries did not occur within the course of their

employment, it is still entitled to summary judgment. The hospital claims that *Mackey v. U .P. Enter.* is analogous and this court should rule similarly. 935 S.W:2d 446 (Tex.App.—Tyler 1996, no writ). We disagree.

In *Mackey,* the plaintiff sued her employer via respondeat superior for injuries received when her fellow employees assaulted her. Mackey claimed that the Act was not applicable because she did not receive her injuries within the course of her employment. Although the court held that there was a question of fact whether Mackey's injuries occurred within the course of her employment, it also held that the hospital was entitled to summary judgment because the employees were not acting within the scope of their authority, thus the employees' intentional acts were not imputable to the hospital.

This case is distinguishable from the present case. Mackey claimed her assault by fellow employees was imputable to her employer under the doctrine of respondeat superior. The court held that the employees did not act within the scope of their general authority when they assaulted Mackey. Therefore, Mackey could not impute liability to her employer. Here, the plaintiffs claim that the hospital was negligent in its own right when it hired and credentialed Dr. Boyett. *Mackey* is not applicable to this present case.

over whether an injury occurs within the course of employment. *Id.; Shutters,* 795 S.W.2d at 802. If the assault is personal to the victim or victims, is not connected with the employment, or committed for reasons personal to the victim or assailant, then the assault does not occur within the course of employment. *Mackey,* 935 S.W.2d at 452; *Villanueva v. Astroworld, Inc.,* 866 S.W.2d 690, 695 (Tex.App.—Houston [1st Dist.] 1993, writ denied).

■ The hospital claims that no question of fact exists regarding whether the assaults occurred within the course of the plaintiffs' employment. The hospital contends that the plaintiffs admit in their petition[7] that their assaults occurred within the course of their employment. Specifically, the hospital refers to the statement made by the plaintiffs in their petition that alleges "... such acts of harassment were committed upon Plaintiffs *while they were engaged in their work at the Defendant hospital.*"

■ A judicial admission is a formal waiver of proof and is conclusive against the party who made the statement. *Hennigan v. I.P. Petroleum Co., Inc.,* 858 S.W.2d 371, 372 (Tex.1993); *Cates v. Cincinnati Life Ins. Co.,* 947 S.W.2d 608, 612 (Tex.App.—Texarkana 1997, no writ); *Chilton Ins. Co. v. Pate & Pate Enter., Inc.,* 930 S.W.2d 877, 884 (Tex. App.—San Antonio, 1996, writ denied). A statement rises to the level of a judicial admission when it is "deliberate, clear, and unequivocal." *Cadle Co. v. Castle,* 913 S.W.2d 627, 633 (Tex.App.—Dallas 1995, writ denied); *see also Field v. AIM Management Group, Inc.,* 845 S.W.2d 469, 472 (Tex.App.— Houston [14th Dist.] 1993, no writ). A statement contained in a live pleading is also a formal judicial admission if it is hostile or inconsistent to that party's claims. *Westchester Fire Ins. Co. v. Lowe,* 888 S.W.2d 243, 251–52 (Tex.App.—Beaumont 1994, no writ).

This statement by the plaintiffs does not rise to the level of a judicial admission. The statement informs the court and the oppos-

ing party *where* and *when* the assault occurred, not in what capacity the assault occurred. The statement does not set out to admit that Dr. Boyett sexually harassed the plaintiffs in the course of their employment.

Next, we look at the summary judgment proof the hospital provides in support of its motion. Summary judgment proof can include deposition transcripts, interrogatory answers, other discovery referenced in the motion or response, or sworn affidavits. TEX.R.CIV.P. 166a(c); *Cuddihy Corp. v. Plummer,* 876 S.W.2d 424, 426 (Tex.App.— Corpus Christi 1994, writ denied); *Dubois v. Harris County,* 866 S.W.2d 787, 790 (Tex. App.—Houston [14th Dist.] 1993, no writ).

The hospital's proof included excerpts of interrogatory answers from the plaintiffs, a sworn affidavit from the Director of Human Resources, and excerpts of interrogatory answers from Dr. Boyett. Nothing in these items of evidence constitute sufficient proof that the plaintiffs were injured in the course of their employment. A question of material fact still exists as to whether the plaintiffs were injured in the course of their employment.

We sustain the plaintiffs' first issue and hold that there is a question of material fact as to whether the plaintiffs' injuries were sustained in the course of their employment.

## NEGLIGENT CAUSES OF ACTION

### A. Negligent Credentialing

■ The plaintiffs' second issue claims that the trial court erred when it granted the hospital's motion for summary judgment because the hospital is liable under the doctrine of negligent hiring. However, the hospital asserts that the plaintiffs' negligent hiring cause of action is more properly labeled a negligent credentialing cause of action because it did not hire Dr. Boyett, it merely placed Dr. Boyett on its staff. Further, the hospital states that negligent credentialing must be done with malice, as re-

---

**7.** There is some confusion as to which petition was on file when the hospital's summary judgment was granted—either the plaintiffs' fourth or fifth amended original petition. But it does not

matter for our purposes because both petitions contained the same statement, "... while they were engaged in their work at the Defendant hospital."

cently decided by the Texas Supreme Court.[8] *See St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 509 (Tex.1997). The trial court's order granting summary judgment held that the plaintiffs did not have any evidence that the hospital acted with malice when it credentialed Dr. Boyett, thus the hospital is immune from a negligent credentialing cause of action.

Rule 166a(i) of the Texas Rules of Civil Procedure allows a party to move for summary judgment when there is no evidence of an essential element of the adverse party's cause of action. A party is not allowed to bring general no-evidence motions for summary judgment. TEX.R.CIV.P. 166a(i) cmt. In order to defeat a no-evidence motion for summary judgment, a party "is not required to marshal its proof," but need only point out in its response that there is some evidence of the element in question, and that a question of fact exists. TEX.R.CIV.P. 166a(i) cmt. If a party brings forward more than a scintilla of evidence that raises a genuine issue of material fact as to the element, then a no-evidence summary judgment is not properly granted. *Moore v. K Mart Corp.*, 981 S.W.2d 266, 268–69 (Tex.App.—San Antonio 1998, review denied); *see also Esco Oil & Gas, Inc. v. Sooner Pipe & Supply Corp.*, 962 S.W.2d 193, 197 (Tex.App.—Houston [1st Dist.] 1998, pet. denied); *Pena v. Van*, 960 S.W.2d 101, 105 (Tex.App.—Houston [1st Dist.] 1997, no writ).

The plaintiffs' summary judgment response includes an affidavit from one of the plaintiffs claiming that the hospital either knew or should have known of Dr. Boyett's behavior towards the plaintiffs before it reappointed Dr. Boyett to its staff. It did present more than a scintilla of evidence that a question of fact existed and summary

judgment was not proper. In our review of a no-evidence motion for summary judgment, we do not require the non-movant to conclusively establish that the action in question occurred. Instead, we look at the non-movant's response, keeping in mind the traditional presumptions in favor of the non-movant, and determine if the non-movant has presented more than a scintilla of evidence to refute the movant's no-evidence motion for summary judgment.

### B. Negligent Hiring

The hospital asserts two alternative theories in regards to the plaintiffs' negligent hiring claims. The hospital's first theory contends that Dr. Boyett was not an independent contractor and thus the hospital did not owe a duty to the plaintiffs to adequately hire, train, and supervise Dr. Boyett.[9] Alternatively, the hospital contends that if it did owe a duty to the plaintiffs and it breached that duty, its breach occurred within the course of the plaintiffs' employment. Thus, the plaintiffs' injuries occurred within the course of their employment and the Act precludes their common law negligent hiring claims. We disagree.

First, the hospital claims Dr. Boyett was not an independent contractor. Generally, whether one is an independent contractor is a question of fact. *Alvarado v. Old Republic Ins. Co.*, 951 S.W.2d 254, 264 (Tex.App.—Corpus Christi 1997, no writ); *Gonzalez v. Heard, Goggan, Blair & Williams*, 923 S.W.2d 764, 766 (Tex.App.—Corpus Christi 1996, writ denied); *Berel v. HCA Health Serv. of Tex., Inc.*, 881 S.W.2d 21, 24 (Tex.App.—Houston [1st Dist.] 1994, writ denied). The method by which one is paid, whether by time or by the job, is one of the many factors examined when deter-

---

**8.** Malice is defined as: (1) a specific intent by the defendant to cause substantial injury to the plaintiff or (2) an act or omission that when viewed objectively from the standpoint of the defendant at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others and the defendant has actual or subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others. *St. Luke's Episcopal Hosp.*, 952 S.W.2d at 506.

**9.** Although the hospital claims that Dr. Boyett was not an independent contractor, it does not state what status Dr. Boyett occupied in relation to the hospital. Instead, it appears the hospital seeks to claim that Dr. Boyett did not fit into either the independent contractor or the employee category and thus occupied a status that would not impose any duty upon the hospital to adequately hire, train, and supervise Dr. Boyett.

mining whether one is an independent contractor. *Alvarado,* 951 S.W.2d at 259; *Duran v. Furr's Supermarkets, Inc.,* 921 S.W.2d 778, 786 (Tex.App.—El Paso 1996, writ denied); *Farrell v. Greater Houston Transp. Co.,* 908 S.W.2d 1, 4 (Tex.App.—Houston [1st Dist.] 1995, writ denied). Often doctors are considered to be independent contractors with regard to the hospital in which they have staffing privileges. *Brown v. Montgomery County Hosp. Dist.,* 905 S.W.2d 481, 484 (Tex.App.—Beaumont 1995, no writ); *Berel,* 881 S.W.2d at 23; *Harris v. Galveston County,* 799 S.W.2d 766, 768 (Tex. App.—Houston [14th Dist.] 1990, writ denied).

■ Second, an owner may be liable for the negligent hiring of its independent contractor. *Duran,* 921 S.W.2d at 789; *Ross v. Tex. One Partnership,* 796 S.W.2d 206, 216 (Tex.App.—Dallas 1990, writ denied); *Wasson v. Stracener,* 786 S.W.2d 414, 422 (Tex. App.—Texarkana 1990, writ denied); *King v. Assoc. Commercial Corp.,* 744 S.W.2d 209, 213 (Tex.App.—Texarkana 1987, writ denied). An owner can be liable for the negligent hiring of an independent contractor when the plaintiff's injuries arise from the hiring of the independent contractor. *LaBella v. Charlie Thomas, Inc.,* 942 S.W.2d 127, 137 (Tex.App.—Amarillo 1997, writ denied).

The hospital argues that it did not issue Dr. Boyett a paycheck and that it merely rented space to Dr. Boyett. These are factors that a trier of fact takes into consideration when determining whether one is an independent contractor. The hospital's evidence does not conclusively establish as a matter of law that Dr. Boyett was not an independent contractor of the hospital. Further, it is clear that if Dr. Boyett is an independent contractor, the hospital does owe a duty to the plaintiffs. We hold that a question of fact still exists whether Dr. Boyett was an independent contractor.

The hospital's alternative theory assumes that it owed a duty to the plaintiffs but its breach occurred within the course of the plaintiffs' employment and thus would be precluded by the Act. Whether an injury occurs within the course of employment is generally a question of fact. *Trevino,* 936

S.W.2d at 492; *Campbell,* 920 S.W.2d at 327; *Shutters,* 795 S.W.2d at 802; *Masuccio,* 770 S.W.2d at 857. As mentioned before, the hospital has not conclusively proven that the plaintiffs' injuries occurred within the course of their employment. Therefore, there still exists a question of material fact whether the plaintiffs were injured within the course of their employment.

■ Even assuming the hospital owed a duty to the plaintiffs and it breached that duty, the hospital's breach must be the proximate cause of the plaintiffs' injuries. *La-Bella,* 942 S.W.2d at 137. Proximate cause consists of: (1) cause in fact and (2) foreseeability. *Doe v. Boys Clubs of Greater Dallas, Inc.,* 907 S.W.2d 472, 477 (Tex.1994); *Duran,* 921 S.W.2d at 789. Cause in fact exists when the owner's negligent act was a substantial factor in bringing about the plaintiff's injury. *Doe,* 907 S.W.2d at 477. Cause in fact is not proven if the owner's negligence did no more than furnish a condition which made the plaintiff's injuries possible. *Duran,* 921 S.W.2d at 790. Foreseeability requires that a person of ordinary intelligence should have anticipated the danger created by a negligent act. *Doe,* 907 S.W.2d at 478. To be foreseeable, an injury must have been reasonably contemplated as a result of the owner's negligence. *Id.*

The hospital's brief alludes to the fact that the intentional, criminal act of Dr. Boyett supersedes its negligence and therefore, its alleged negligent act was not the proximate cause of the plaintiffs' injuries. Whether or not proximate cause exists between the plaintiff's injuries and the defendant's negligence is generally a question of fact. *Rodriguez v. Moerbe,* 963 S.W.2d 808, 818 (Tex.App.—San Antonio 1998, pet. denied); *Campbell v. Adventist Health System/Sunbelt, Inc.,* 946 S.W.2d 617, 626 (Tex.App.—Fort Worth 1997, no pet.). However, it can be a question of law when the evidence is without material dispute and where only one reasonable inference may be drawn. *Rodriguez,* 963 S.W.2d at 819. It may also be a question of law when the relationship between the plaintiff's injuries and the defendant's negligence is attenuated or remote. *Campbell,* 946 S.W.2d at 626.

As a general rule, the criminal conduct of a third party is a superseding cause that relieves the negligent actor from liability.[10] *Rodriguez*, 963 S.W.2d 808 at 820; *Guerrero v. Mem'l Med. Ctr. of East Tex.*, 938 S.W.2d 789, 791 (Tex.App.—Beaumont 1997, pet. ref'd). However, the negligent actor's liability is not extinguished when the criminal conduct of the third party is a foreseeable result of such negligence. *Rodriguez*, 963 S.W.2d at 820; *Guerrero*, 938 S.W.2d at 791.

The hospital's summary judgment evidence consisted of: (1) excerpts from the plaintiffs' interrogatories detailing Dr. Boyett's sexual harassment; (2) an affidavit from the hospital's Director of Human Resources affirming that the hospital subscribed to worker's compensation insurance; and (3) an excerpt from Dr. Boyett's interrogatories stating that he never received a paycheck from the hospital. The hospital's summary judgment evidence did not establish as a matter of law that Dr. Boyett's harassment was not foreseeable. Therefore, we hold that a question of fact exists whether Dr. Boyett's intentional acts were foreseeable and whether proximate cause exists between the hospital's negligence and the plaintiffs' injuries.

We sustain the plaintiffs' second issue and hold that there is a question of material fact as to whether the hospital negligently credentialed and negligently hired Dr. Boyett.

For these reasons, we reverse and remand for further proceedings the trial court's order that their injuries are not precluded by the Workers' Compensation Act and that they may pursue a cause of action for negligent credentialing and negligent hiring.

---

10. The hospital argues that the plaintiffs' injuries resulted from Dr. Boyett's intentional acts of sexual harassment and not its negligence. However, in *Young v. City of Dimmitt*, the plaintiffs sued the City for its negligent hiring of a police officer who tried to kill himself by intentionally driving his car into oncoming traffic. 787 S.W.2d 50 (Tex.1990) (per curiam). The plaintiffs claimed their injuries resulted from the City's negligence in hiring the police officer and thus their claims were not precluded by the Texas Tort Claims Act. The Supreme Court affirmed the lower court's take nothing summary judgment against the plaintiffs, but held that the plaintiffs' negligent hiring claims arose out of the city's negligence in supervising the police officer and not the police officer's intentional conduct. *Id.* Thus, separating the city's negligence in hiring the police officer from the police officer's intentional tort. *Id.; see also Delaney v. Univ. of Houston*, 835 S.W.2d 56, 60 (Tex.1992) (holding that claims of student, raped in an on-campus dormitory, who sued the University for negligence in not repairing her door which rapist gained entry, were distinct from the rape she suffered and were not barred by intentional tort exception to waiver of governmental immunity under Texas Tort Claims Act); *Wimberley v. Sloan*, 963 S.W.2d 556, 558 (Tex.App.—Eastland 1998, no pet.) (citing *Young* for proposition that negligent hiring claims may arise out of defendant's negligence and not of employee's intentional tort).